IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
For N.E. D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend of I.C. and
S.D., minors,

       Plaintiffs,                               No. 17-cv-384 LH/WPL

vs.

THE UNITED STATES OF AMERICA,

       Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on June 28, 2017, and was attended by:

| | |
|---|---|
| Theodore W. Barudin<br>BARUDIN LAW FIRM, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, New Mexico 87110<br>(505) 332-1800<br>tbarudin@barudinlaw.com | Ronald I. Kaplan, MD, JD<br>KAPLAN & LUKOWSKI, LLP<br>333 Sandy Springs Circle<br>Suite 200<br>Atlanta, Georgia 30328<br>404-845-0012<br>rik@kaplanlegal.com |
| William H. Carpenter<br>WILLIAM H. CARPENTER LAW OFFICE<br>Post Office Box 35070<br>Albuquerque, NM 87176-5070<br>(505) 243-1336<br>bill@carpenter-law.com | Erin Langenwalter<br>United States Attorney's Office<br>District of New Mexico<br>P.O. Box 607<br>Albuquerque, NM 87103<br>505-346-7282<br>Erin.Langenwalter@usdoj.gov |

## NATURE OF THE CASE

This is a medical malpractice claim arising under the Federal Tort Claims Act (FTCA) against the United States of America for the alleged medical malpractice of Gallup Indian Medical Center ["GIMC"], Gallup, New Mexico. Plaintiffs claim the negligence of Stephen D. Waite, M.D., J.D., and medical personnel at GIMC, all of whom were federal employees, occurred in Gallup New Mexico, arising under New Mexico law in the medical malpractice of N.E.D, a minor.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiffs intends to file**: Plaintiffs do not anticipate amending the pleadings, but reserves the right to do so should additional parties be revealed in discovery.

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Defendant United States of America intends to file**: None at this time, but reserves the right to do so should additional parties be revealed in discovery.

Defendant should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties stipulate to the following facts:

1. Venue is proper in the district court.
2. The U.S. Department of Health and Human Services, Indian Health Service, operates GIMC in Gallup, New Mexico, employs certain medical professionals at the facility, and provides care and treatment to Native American patients and some non-Native

>American emergency patients

3. Stephen Waite, M.D., J.D. is a federal employee for purposes of invoking the FTCA. 28 USC §2671.

The parties further stipulate and agree that the law governing this case is the law of New Mexico and the Federal Tort Claims Act.

## **PLAINTIFFS' CONTENTIONS**

Plaintiffs contend that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

Plaintiffs bring this lawsuit to recover damages arising out of medical malpractice which occurred between Plaintiffs and Gallup Indian Medical Center "[GIMC]". At 3:00 p.m. on February 28, 2016, N.E.D. fell off playground equipment at the Indian Hills Playground in Gallup, New Mexico and hit her head and face on unprotected hard surface and developed symptoms consistent with a potential head injury. After this fall, N.E.D. was not fully responsive, talking nonsensical, was screaming and combative having sustained a separate and distinct injury from the fall at the playground which required medical care. The injuries involved in this fall resulted in complaints which necessitated an evaluation at the emergency room at the GIMC, Gallup, New Mexico. N.E.D. was seen and evaluated by the GIMC nursing staff and Stephen D. Waite, MD, JD, the emergency room physician on call at the time of her presentation.

Prior to the time that the negligent acts occurred at the GIMC, N.E.D. was breathing and had no issue with a lack of oxygen. Following evaluation and treatment at GIMC, she was medicated, intubated and sent for a CT scan. Either the intubation tube was misplaced, placement was not confirmed, not properly secured and monitored, or there was a medical error that

explains the lack of oxygen to N.E.D. As a result of the actions and/or inactions, it caused an extensive period of time in not having an adequate oxygen supply regardless of the cause.

Because the medical records are inconsistent, it is difficult for plaintiff to fully assess the Defendant's conduct until adequate discovery is completed. Plaintiff reserves the right to amend these allegations subject to further discovery.

Because of the negligent care while at GIMC, N.E.D. was emergently flown to the University of New Mexico Hospital where she was evaluated and treated.  An MRI of the head taken on March 2, 2016, and compared to the first MRI of the head taken on February 29, 2016 showed a traumatic brain injury from "global hypoxic/anoxic/hypo-perfusion insult". As a direct and proximate and foreseeable result of the breach of the standard of care, and the negligent acts and omission of Defendant, Plaintiff N.E.D. has suffered a permanent and irreparable traumatic brain injury requiring the necessity for lifelong care she and her family will need, loss of enjoyment of life, loss of companionship with her parents and siblings, past present and future medical bills, loss of income and income opportunity, pain and suffering, and other damages to be identified.

Dominique Billy brings her own separate claims for the loss of consortium for herself for her loss due to the injuries sustained by her daughter, N.E.D. Ms. Billy also brings the loss of consortium claims for the loss sustained by I.C., the sibling of N.E.D. Dominique Billy was extremely close to her daughter as well as I.C. in his relationship with N.E.D.

Jacob Dotson brings his own separate claims for the loss of consortium for himself for his loss due to the injuries sustained by his daughter, N.E.D. Jacob Dotson and Dominique Billy bring their claims for the loss of consortium for themselves as parents for the loss due to the injuries sustained by their daughter, N.E.D.

**DEFENDANT'S CONTENTIONS**

The United States denies liability and denies the extent and causal connection of Plaintiffs' alleged injuries to the care provided by GIMC.   In addition:

1. The United States and its personnel, agents, and officers exercised due care and diligence in conducting their duties.

2. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs have failed to mitigate their damages.

3. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent acts and omissions of others were the independent, intervening, and superseding causes of Plaintiffs' alleged injuries.

4. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs' assumption of the risk is attributed to their injuries.

5. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent acts and omissions of others were the sole proximate causes of any injury, damage or loss to Plaintiffs.

6. If the United States is liable, which is specifically denied, an act or acts of Plaintiffs contributed to the injuries and damages of which Plaintiffs complain, and therefore the United States is not liable for them.

7. If the United States is liable, which is specifically denied, it may be held liable only in the same manner and to the same extent as a private individual under like circumstances.

8. The United States' liability and this court's jurisdiction is limited to the express statutory exception to liability under the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

9. This Court may lack jurisdiction over some or all claims raised in Plaintiffs'

Complaint. This court lacks subject matter jurisdiction over any claims which were not the subject of an administrative claim timely and properly presented pursuant to 28 U.S.C. § 2675(a).

10. Plaintiffs' recovery, if any, is limited to the amount of the claim that Plaintiffs properly exhausted administratively. *See* 28 U.S.C. § 2675(b).

11. All future damages, if any, must be reduced to present value.

12. Income taxes must be deducted from all alleged past and future lost earnings, if any.

13. To the extent Plaintiffs seek punitive damages, prejudgment interest, costs or attorneys' fees, the Federal Tort Claims Act prohibits such awards. Any award for Guardian *Ad Litem* must be included in such attorneys' fees.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**Plaintiffs' Witnesses:**

1. Plaintiffs intend to call, or may call, the following witnesses to testify at the time of trial:

|   | Name and Address | Subject Matter of Testimony |
|---|---|---|
| a. | Dennis Murphy, as Guardian Ad Litem of N.E.D. <br> c/o Barudin Law Firm, P.C. <br> 7900 Menaul Blvd. NE <br> Albuquerque, NM 87110 | Mr. Murphy is the Guardian Ad Litem and will assist in giving counsel to the family of N.E.D. |
| b. | Dominque Billy <br> c/o Barudin Law Firm, P.C. <br> 7900 Menaul Blvd. NE <br> Albuquerque, NM 87110 | Dominque Billy has knowledge and information regarding the circumstances of what transpired before and after the injuries which are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected her life and the life of N.E.D., I.C., and S.D. |
| c. | Jacob Dotson <br> c/o Barudin Law Firm, P.C. <br> 7900 Menaul Blvd. NE | Jacob Dotson has knowledge and information regarding the circumstances of what transpired before and after the injuries which are the subject |

|    |    |    |
|----|----|----|
|    | Albuquerque, NM 87110 | matter of this lawsuit. This witness has knowledge and information regarding how this incident affected his life and the life of N.E.D. |
| d. | Gallup Med Flight<br>10888 South 300 West<br>South Jordan, UT  84094<br>(866) 935-3636<br>Johnathan Quam, EMT-Paramedic<br>Demetrio Salazar, Nurse | The personnel of Gallup Med Flight will testify as to the injuries sustained by N.E.D., and the treatment provided by Gallup Med Flight during the flight to University of New Mexico Hospital |
| e. | Employees of University of New Mexico Hospital<br>2211 Lomas Blvd. NE<br>Albuquerque, NM  87102<br>(505) 272-2211<br>Sonlee Denise West, MD<br>Benjamin H. Hammond, MD<br>Maria Enrione, MD, PICU<br>Zoya A. Voronovich, MD<br>Peter C. Shin, MD<br>James Reese, MD<br>Jose A. Padin-Rosado, MD<br>Dave N. Shahani, MD<br>Nizhoni W. Denipah<br>Randall A.  Heidenreich, MD<br>Glen A. Fenton, MD<br>Gilberto Alvarez-Colon<br>Anne Marie Morse, DO<br>Douglas W. Barrett, MD<br>Joseph P. Harmon, DO<br>Dominic Harris, MD<br>Denise E. Taylor, MD<br>Teresa Anderson, MD<br>Jason Q. McKee, MD<br>John P. Phillips, MD<br>Anjali V. Subbaswamy, MD<br>Beth M. Goens, MD<br>Senan Hadid, MD<br>Denise M. Coleman, MD<br>Hemant S. Agarwal, MD<br>Stephen C. Lunderman, DO<br>Shalon M. Nienow, MD<br>Thomas Howdieshell, MD<br>Rebecca R. Craig, MD<br>Tania L. Kraai, MD<br>Tamra L. Lemley, MD<br>David Michael Lang, LMT | The personnel of University of New Mexico Hospital will testify as to the injuries sustained by N.E.D. and the treatment provided by various medical staff at University of New Mexico Hospital. |

|   |   |   |
|---|---|---|
|   | Susan L. Williamson, MD<br>Courtney Degner, AA<br>Janet K. Brierly, MD<br>Janelle M. Aragon, MD<br>Yasmin Magdaleno, MD<br>Ricardo Castillo, MD<br>Carlo Viamonte, MD<br>Joyce F. Phillips, MD<br>Lanier Nicole Lopez, MD<br>Melissa A. Sanchez, MD<br>Anna L. Duran, MD<br>Jennifer Vickers, MD<br>Gamaliel Lorenzo, MD<br>Heather McKnight, MD<br>Jessica Williams, MD<br>Jon J. Hallstrom, MD<br>Allyson Richards, MD<br>William D. Zimmer, MD<br>Jennifer L. Saline, MD<br>Joseph L. Hunt, MD<br>Jamie M. Elifritz, MD<br>Brad W. Cushnyr, MD<br>Danielle E. Sorte, MD<br>Joanna R. Fair, MD<br>Mark Prdrotty, PhD.<br>Aaron P. Jacobs, MD<br>Anita K. McCormick, CRNA<br>Thomas J. Long, MD<br>Dave Naresh Shahani, MD |   |
| f. | Employees of<br>UNM Carrie Tingley Hospital<br>1127 University Blvd. NE<br>Albuquerque, NM  87102<br>(505) 272-5200<br>Kenna K. Sheak, MD<br>Beverly Swaims, CNP<br>Theresa M. Anaya, MD<br>Candace P. Leas, CNP<br>Caroline E. Cook, PAC<br>Selina R. Silva, MD<br>Jamie L. Cloyes, CNP | The personnel of University of New Mexico Hospital will testify as to the injuries sustained by N.E.D. and the treatment provided by various medical staff at University of New Mexico Hospital. |
| g. | Family of Dominique Billy, individually and as parent of N.E.D., I.C., S.D. and Jacob Dotson<br>Barudin Law Firm<br>c/o 7900 Menaul Blvd. NE | The family of the Billy/Dotson family will testify as to how this affected the life of Dominique Billy, individually and as parent of N.E.D., I.C., S.D. and Jacob Dotson. |

| | | |
|---|---|---|
| | Albuquerque, NM  87110 | |
| h. | Employees of Defendant United States of America, including but not limited to: Gallup Indian Medical Center<br>Dr. Stephen D. Waite, M.D., J.D.<br>Gallup Indian Medical Center<br>**c/o** Erin Langewalter, Esq.<br>Assistant United States Attorney<br>United States Attorney's Office<br>District of New Mexico<br>Post Office Box 167<br>Albuquerque, NM  87103 | |

   i. Plaintiffs may call any other witness identified through discovery

   j. Plaintiffs may call any other witness as identified by Defendant including all expert witnesses.

   k. Plaintiffs may call any other witness as identified by Defendant including all expert witnesses and any rebuttal witnesses as may be required.

   l. Any treating physicians and/or healthcare providers for the Plaintiffs not listed herein whose testimony is deemed necessary as discovery continues.

   m. Any person whose deposition is taken in the course of discovery.

   n. Any fact witness designated by any other party herein.

   o. Any other person whose testimony may be necessary based upon discovery or investigation.

   p. Any person identified as a person with knowledge of facts or who may be listed as potential witnesses in the Initial Disclosures of any other party or in any discovery responses or depositions taken in this case by any party.

   q. Foundation witnesses as may be necessary to authenticate and to establish admissibility of any documents and other exhibits including, but not limited to, medical records and billing custodians.

2. Plaintiffs intends to call the following expert witnesses to testify at the time of trial:

   a. None at this time- This disclosure will be timely filed per the Scheduling Order of the Court.

**Defendant's Witnesses**

    1.    At this time, Defendant is aware of the following individuals who are likely to have discoverable information that the Defendant may use to support its claims or defenses:

        a.  Any and all witnesses identified by Plaintiff in this JSR,

        b.  N.E.D.'s aunt (Danielle Billy) who was supposedly watching N.E.D. at the playground and after she fell,

        c.  N.E.D.'s grandmother, to whose house she was taken after she fell,

        d.  Any witnesses identified by the parties in the discovery process,

        e.  Any rebuttal witnesses identified by Defendant during the course of discovery and trial.

    2.    Defendant United States intends to call the following expert witnesses to testify at the time of trial:

Defendant has not yet identified any experts but reserves the right to do so within the deadlines set by the Court.

**Plaintiffs Exhibits:**

Plaintiffs intend to produce the following exhibits to be used at trial:

        a.  Any and all of Plaintiff N.E.D.'s medical records and billing;

        b.  Power Point presentations or other similar demonstrative evidence;

        c.  Photos of the Billy/Dotson family;

        d.  Background documentation of Stephen Waite, MD, JD;

        e.  Plaintiff N.E.D. school records;

        f.  Any exhibit(s) identified by Defendant;

        g.  Any and all audio or video recordings which may be identified throughout discovery;

        h.  Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses;

      i.      Any and all other material which any expert may rely upon in support of their opinion(s) in this case;

      j.      Any other exhibit(s) that may be identified through discovery;

      k.      Any other pleadings pertinent to the case.

**Defendant's Exhibits:**

Defendant United States of America may seek to introduce the following exhibits to be used at trial:

1. N.E.D.'s medical records;

2. N.E.D.'s school records;

4. Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses;

5. Any and all other material which any expert may rely upon in support of their opinion(s) in this case;

6. Any documents, items, or exhibits that may be identified through discovery.

7. Any documents, items, or exhibits produced or identified in discovery in *Murphy et. al, v. Playpower, Inc., et. al*, D-101-CV-2017-0125 or any other lawsuit arising out of the same underlying facts.

8. Any and all exhibits listed by Plaintiff.

9. Any rebuttal exhibits identified by Defendant during the course of discovery and trial.

Discovery will be needed on the following subjects: Liability and Damages.

Maximum of twenty-five (25) interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of twenty-five (25) requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of twenty (20) depositions by all parties hereto.

Each deposition (other than of expert witnesses, parties, and Dr. Stephen Waite) limited to maximum of four (4) hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a) (2) due:

    from Plaintiff(s) by: _____

    from Defendant(s) by: _____ (Defendant requests six weeks from Plaintiff's disclosure of experts).

Supplementation and rebuttal under Rule 26(e) due as required or authorized by the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by _____.

Other Items: None.

## PRETRIAL MOTIONS

**Plaintiffs intends to file**: Any discovery motions as may be required, motion(s) for summary judgment, motion(s) in limine, motion(s) to compel.

**Defendant United States of America intends to file**: Motions *in Limine* and Daubert motions as necessary, Discovery Motions as necessary, and Dispositive Motions as necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **5** days.

  __X__ This is a non-jury case (Federal Tort Claims Act)

  _____ This is a jury case (As to other defendants)

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery. The parties agree that settlement may be enhanced by use of the private mediation, however, determination cannot be made at this time.

## EXCEPTIONS

Plaintiffs take exception as to the costs and fees of the Guardian ad Litem for approval of the minors' settlement and whether such costs are part of the Plaintiffs' attorneys' fees.

APPROVED WITHOUT EXCEPTIONS

*/s/ Theodore W. Barudin*
Theodore W. Barudin
William H. Carpenter
Ronald I. Kaplan, MD, JD
*Attorneys for Plaintiffs*

*/s/  Erin Langenwalter*
Erin Langenwalter, Assistant U.S. Attorney
*Attorney for Defendant USA*

13