IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
for N.E.D., an incapacitated minor;
JACOB DOTSON; DOMINIQUE BILLY,
individually, and as next friend of I.C. and
S.D., minors,

        Plaintiffs,

v.                                                  CIV 17-0384 JAP/JHR

THE UNITED STATES OF AMERICA,

        Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Emergency Motion by Non-Party City of Gallup for Injunctive Relief[1] to Stop Plaintiffs' Attorneys from Prohibiting Attendance at Depositions Taken in this Matter and Request for Show Cause Hearing (*Doc. 36*), filed November 9, 2017. As requested in the Motion, the Court ordered expedited briefing on the issues raised. *Doc. 27*. Having reviewed Plaintiffs' Response (*Doc. 41*) and the City's Reply (*Doc. 46*), the Court will grant the Motion in part.

## I.     BACKGROUND

Plaintiffs' Complaint alleges that N.E.D. was injured while playing on playground equipment at the Indian Hills Playground in Gallup, New Mexico, on February 28, 2016. *Doc. 1* at 4. Thereafter, Plaintiffs allege that she was treated by Defendant's employees at the Gallup Indian Medical Center, "negligently resulting in a (sic) severe anoxic brain damage." *Id.*

---

[1] Although characterized as a request for injunctive relief, the Motion seeks a non-dispositive pre-trial ruling, which may be ruled upon by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72(a) and D.N.M.LR-Civ. 73.1(a).

Plaintiffs bring two claims against Defendant arising from N.E.D.'s treatment: medical negligence (Count I) and loss of consortium (Count II). *Id.* at 6-8.

However, Plaintiffs allege that N.E.D.'s "anoxic brain damage was separate and distinct from the injuries sustained in the playground fall." *Id.* at 5; *see Doc. 41* at 2. As such, at one point, Plaintiffs filed a state court action against the City of Gallup, "claiming that her brain injury was caused by improper maintenance of the Park by the City." *Doc. 36* at 1. This Complaint has been withdrawn, as it was filed in the incorrect venue. *Id.* However, "Plaintiffs [continue to] claim that N.E.D. sustained a physical injury caused by improper maintenance of a playground in Gallup, New Mexico." *Doc. 41* at 2.

As a result, counsel for the City, Mr. James Lyle, "decided it would be in his clients (sic) best interests to attend as many of the depositions taken in this case as possible." *Doc. 36* at 2. To this end, Mr. Lyle observed the deposition of Ms. Begay, one of the nurses who treated N.E.D., without incident on November 7, 2017, in Gallup, New Mexico. *Id.* The deposition of Ms. Begay was taken by one of Plaintiff's attorneys, Mr. Theodore Barudin. *Id.* "The deposition proceeded smoothly, and the City's counsel, as promised, did not interject any comments or say anything on the record." *Id.* However, on November 9, 2017, Mr. Lyle was prevented from listening in by telephone to the deposition of Dr. Waite, the physician who treated N.E.D., by Plaintiffs' co-counsel, Mr. William Carpenter. *Id.* at 2-3. According to Mr. Lyle, Mr. Carpenter hung up after Mr. Lyle refused to appear on the record and be "bound" by the deposition. *Id.* at 3. Mr. Carpenter, on the other hand, explains that he terminated the call with Mr. Lyle in order to proceed with the deposition as scheduled, as Dr. Waite needed to catch a plane. *Doc. 41* at 2.

Regardless, Mr. Lyle requests that he be permitted to be present at any future depositions, asserting that "[t]his is the same right as any member of the public has with regard to any

litigation proceedings which have not been sealed or placed under protective order." *Doc. 36* at 3. In the response, Mr. Carpenter takes two positions: (1) that Plaintiffs have no objection to the City purchasing a copy of any relevant deposition transcript; and (2) that "[h]ad Mr. Lyle requested permission to attend the deposition . . . this instant motion would have been avoided." *Doc. 41* at 2-3. In reply, Mr. Lyle asserts that Mr. Carpenter has not demonstrated why he "should be excluded from listening to deposition testimony any more than he or any other person should be limited from attending portions of a trial held in this matter." *Doc. 46* at 3. However, he asks "at the very least" that the "Court instruct the attorneys on both sides of litigation not to impede their counsel's ability to obtain copies of transcripts of all depositions taken in this case in the absence of a court order to the contrary." *Id.*

## II.     LEGAL STANDARD

Neither the City nor Plaintiffs cite binding authority addressing whether nonparties, or their attorneys, may attend civil depositions. Both parties refer the Court to the Federal Rules of Civil Procedure, but the Rules are silent on the issue. *See* Fed. R. Civ. P. 30, Advisory Committee Notes to the 1993 Amendment ("The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.").

Rule 30(d)(3)(B) provides that the Court may limit a deposition's scope and manner as provided in Rule 26(c), which governs protective orders. *See* Fed. R. Civ. P. 30(d)(3)(B). Under Rule 26(c)(1)(E) the Court may designate the persons who may be present while a deposition is conducted. Fed. R. Civ. P 26(c)(1)(E). Protective orders may be entered for "good cause," Fed. R. Civ. P. 26(c)(1), and this Court's decision on whether to enter a protective order is reviewed for abuse of discretion. *See S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1271 (10th

Cir. 2010) ("The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion."). "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoted authority omitted).

## III.    DISCUSSION

As Plaintiffs correctly recognize, the Supreme Court has noted that "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). In fact, that Court made explicit that "[d]iscovery *rarely* takes place in public." *Id.* n. 19 (emphasis added). That said, the City is correct that *Seattle Times* is not directly on point, as the question in that case was "whether a litigant's freedom [of speech] comprehends the right to disseminate information that he has obtained pursuant to a court order that both granted him access to that information and placed restraints on the way in which the information might be used." *Id.* at 32. Still, the Court recognized that "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." *Id.* at 34-35; *see id.* at n. 21 ("Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). As such, this Court begins with the proposition that the depositions in this case are not simply matters of public record. Rather, they are protected to a certain degree by the privacy interests implicated by Rule 26(c).

Secondary sources are generally in accord with this notion. One provides that "[m]embers of the public generally have no right to attend depositions." Attendance at

depositions, 1 Discovery Proceedings in Federal Court § 9:6 (3d ed. 2017.). Another states "it has been held that neither the public nor representatives of the press have a right to be present at the taking of a deposition." Limitation of Persons Present at Discovery, 8A Fed. Prac. & Proc. Civ. § 2041 (3d ed. 2017). Likewise, the Federal Civil Rules Handbook states that "[t]he Court may exclude the public, the press, other witnesses, or other nonparties from a deposition or access to documents produced in discovery under Rule 26(c)(1)(E)." Federal Civil Rules Handbook, 786 (2017).

Still, there is little case law directly on point, and most of it is merely persuasive. Nonetheless, the Court finds certain cases useful in resolving the issue of whether Mr. Lyle, as the City's representative, should be permitted to attend the depositions in this case.

In *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia*, 2012 WL 3472281 (D. Colo. 2012), the court addressed the issue of whether a non-party should be permitted to attend the "allegedly aggrieved individuals'" depositions in a sexual harassment/hostile environment and retaliation suit brought under Title VII. The court, citing, *inter alia*, *Seattle Times*, first found that because the nonparty was a "member of the public," he was "not necessarily 'entitled' to attend the private depositions held in this matter." *Id.* at *1. The court then found good cause to exclude the non-party from the depositions because the one deposition that he had already appeared at resulted in the deponent becoming "visibly upset" and "extremely distressed." *Id.* at *2. However, nothing prevented the Defendants from "the sharing of information gleaned from the aggrieved individuals' depositions" with the non-party. *Id.*

In *Batt v. Kimberly-Clark Corp.*, 2006 WL 1623657, at *2 (N.D. Okla. June 6, 2006), the court found good cause to exclude the plaintiff's wife, a non-party, from his deposition. In so finding, the court had "not found any authority to suggest that a non-party who will not be

deposed has any right to attend a deposition[.]" *Id.* at *3. As such, the Court left it to the plaintiff to show prejudice resulting from his wife's absence. *Id.* at *2.

In *Bal v. Hughes*, 1995 WL 244757, at *1 (S.D.N.Y. Apr. 26, 1995), the court, relying in part on *Seattle Times*, granted a protective order excluding members of the press from observing depositions. *Id.* However, the Court stated that "[n]othing in this decision is meant to preclude plaintiff … from providing copies of the deposition transcripts to the press." *Id.*

In *Kimberlin v. Quinlan*, 145 F.R.D. 1, 1 (D.D.C. 1992), the court, relying in part on *Seattle Times*, held that there was no legal authority for permitting a person who it not a party to the litigation from attending a pretrial deposition. As such, it excluded the news media from being present "at the actual taking of [the] depositions." *Id.* at 2. However, it did not foreclose "the media's right to gain access at some point to the information revealed at the deposition[.]" *Id.*

What these cases demonstrate is that the City, as a nonparty, has no right to attend the depositions in this case. Some courts that have addressed the issue would end the discussion there, and hold that Mr. Lyle accordingly has no other option but to purchase deposition transcripts or otherwise glean the information adduced at these depositions after they are taken. However, this case differs from the above cases in two significant respects. First, the City may at some point be involved in litigation with Plaintiffs as a party; and, second, Plaintiffs have pointed to no cause, good or otherwise, to exclude the City from the depositions. *C.f. Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico*, 2010 WL 5476782, at *5-6 (D.N.M. Nov. 24, 2010) (discussing the cause required to exclude a witness from a deposition). Rather, Plaintiffs take the position that "[h]ad Mr. Lyle requested permission to attend the deposition . . . this instant motion would have been avoided." *Doc. 41* at 3. In contrast to the

cases discussed above where the presence of non-parties would hinder the discovery process, Mr. Lyle's presence at these depositions may actually help narrow the issues raised by Plaintiff's claims. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). As a matter of judicial economy, it makes sense to permit the City, through Mr. Lyle, to observe the depositions.

Therefore, after considering all of the factors at issue, the Court finds that Mr. Lyle should be permitted to attend the depositions. To be clear, the Court is not holding that any member of the public has a right to observe the depositions in this or any other case. Rather, the Court finds that Mr. Lyle has demonstrated cause to attend the depositions as an observer, and Plaintiffs have failed to articulate good cause for excluding him under Rule 26(c)(1)(E). This is strictly because Mr. Lyle is acting as the City's representative, and the City may be a defendant in another case related to N.E.D.'s injuries.

## IV.      CONCLUSION

For the reasons stated above, the City's Motion is granted in part. Mr. Lyle shall be permitted to attend and observe future depositions in this case. To the extent that the City's Motion requests a show cause hearing related to Mr. Carpenter's conduct in excluding him from Dr. Waite's deposition, that request is denied.

IT IS SO ORDERED.

_____
HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE