IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
For N.E. D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend of I.C.
and S.D., minors,

    Plaintiffs,                            No. 1:17-cv-00384-JAP-JHR

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

## PLAINTIFFS' MOTION TO COMPEL, OR ALTERNATIVELY, TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiffs, by and through their undersigned counsel, pursuant to Fed. R. Civ. P. Rules 26(b)(1), 33(a)(2) and 37(a)(3)(B)(iii)(4) and D.N.M. LR-Civ 26.6 and 37.1, respectfully move this Court to compel Defendant, The United States of America ("USA"), to provide an adequate answer to Plaintiffs' Interrogatory No. 14, attached hereto as **Exhibit A**. Alternatively, if USA cannot provide an adequate answer to Interrogatory 14, Plaintiffs respectfully request the Court strike USA's Affirmative Defenses alleged in its Answer to the First Amended Complaint ("Answer") [Doc. 55]. In support, Plaintiffs state as follows:

### I. SUMMARY OF ARGUMENT

Interrogatory No. 14 is narrowly focused seeking "facts, evidence and theories" that support each of the eleven Affirmative Defenses stated in USA's Answer. The Interrogatory was propounded after extensive discovery had already been developed with the specific purpose of ascertaining a substantive understanding of what exactly USA would rely upon in defending this

1

case. Rather than answer this Interrogatory, however, USA claimed it was an overly broad and unduly burdensome "contention" interrogatory that USA had no obligation to answer. *Id.*

The Court should compel USA to answer Interrogatory 14 for three reasons. First, USA cannot avoid its discovery obligations based on inapplicable objections and a legally flawed insinuation that contention interrogatories are prohibited. Contrary to USA's position, contention interrogatories are not disfavored, much less prohibited. Interrogatory 14 expressly conforms to the elements required to establish a contention interrogatory is permitted at law.

In fact, and as a second basis for granting the Motion, federal law is clear that when discovery is substantially completed, a contention interrogatory seeking to clarify the basis for a claim is appropriate. As such, USA's objection is baseless. Under the plain language of F. Rule. Civ. P. Rule 33, Plaintiffs are entitled to an answer to a proper contention interrogatory.

As a third reason, to deny Plaintiffs' Motion would cause undue prejudice to Plaintiffs and result in judicial inefficiency. If USA is in possession of responsive and discoverable evidence that it has not provided, Plaintiffs will not be prepared to respond to such evidence at trial, thus causing Plaintiffs undue prejudice. Conversely, if USA is not in possession of any evidence to support an affirmative defense, without court intervention, Plaintiffs would spend time preparing a response to a futile affirmative defense that is abandoned by the USA. This time would otherwise be spent in preparation of other aspects of prosecuting the claims. As such, the red herring of an unsupported affirmative defense would prejudice Plaintiffs. It would also waste the Court's time at trial.

Discovery now being complete, the time is ripe for responsive answers. Either the USA is in possession of facts, evidence and theories that support its Affirmative Defenses that it must provide to Plaintiffs under the liberal rules of discovery *or* the USA has discovered no evidence in

support of its Affirmative Defenses, making them futile and warranting them being struck from USA's Answer.

## II. LEGAL STANDARD

### A. Liberal Rules of Discovery Compel an Answer to Interrogatory 14.

Discovery under Fed.R.Civ.P. Rule 26 is liberal, allowing parties the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible in evidence to be discoverable. *Id*. This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses before trial. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The Court has more than once declared that the discovery rules are to be accorded a broad and liberal treatment to affect their purpose of adequately informing the litigants in civil trials."); *Gomez v. Martin Marrietta Corp*., 50 F.3d 1511, 1520 (10th Cir. 1995) ("the scope of discovery under the federal rules is broad"); *Sanchez v. Matta*, 229 F.R.D.649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules are a reflection of Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

### B. Contention Interrogatories are permitted.

Contention interrogatories are interrogatories that seek to clarify the basis for an adversary's claims. *See Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) *citing Starcher v. Corr. Med. Sys. Inc*., 144 F.3d 418, 421 n. 2 (6th Cir.1998), *aff'd sub nom. Cunningham v. Hamilton County*, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Contention

interrogatories, which have never been "categorically prohibited", ask another party "to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Lucero,* 240 F.R.D. at 593-594 citing *McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 450 (D.Conn.1996).

However, contention interrogatories that ask for "each and every fact" are an abuse of the discovery process because they are overly broad and unduly burdensome. *Lucero,* 240 F.R.D. at 594 citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D.Kan.1998). To that end, contention interrogatories should not require a party "to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *See Lucero,* 240 F.R.D. at 594 citing *Hiskett v. Wal–Mart Stores, Inc*., 180 F.R.D. 403, 404 (D.Kan.1998).

Conversely, contention interrogatories may certainly ask for the material or principal facts that support a party's contentions. *See Hiskett*, 180 F.R.D. at 405. There is also considerable support for compelling answers to contention interrogatories after a substantial amount of discovery has been completed, at which point such discovery might reveal that a claim made at the pleading stage has turned out to be futile. *See* Fed.R.Civ.P. 33(c); *McCarthy*, 168 F.R.D. at 450. Indeed, even courts that have been critical of overly broad contention interrogatories uniformly recognize the important benefits that result from clarifying and narrowing the issues in litigation at the close of discovery and before trial. *See IBP, Inc.,* 179 F.R.D. at 321–23; *see also Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D.Cal.1989); *In re Convergent Tech. Sec. Litig*., 108 F.R.D. 328, 337 (N.D.Cal.1985).

# III. ARGUMENT

## A. USA should be compelled to respond to Interrogatory 14.

The Court should compel USA to answer Interrogatory 14 because Interrogatory 14 is allowed under the Rules, is not overly broad and not unduly burdensome.  First, Rule 33 of the Federal Rules of Civil Procedure expressly recognizes and permits the use of contention interrogatories. *See* Fed. R. Civ. P 33(c) (stating "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves a[] **_contention_** that relates to fact or the application of law to fact")(emphasis added).  As such, Plaintiffs have a legal right to ask USA "to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, and explain how the law applies to the facts." *Lucero,* 240 F.R.D. at 594.

Furthermore, in seeking this information in Interrogatory 14, Plaintiffs conformed to the requirements for a proper contention interrogatory this negating USA's claims that it is unduly burdensome and overly broad.  Interrogatory 14 was propounded *after* discovery was substantially completed as required under *Lucero v. Valdez.* 240 F.R.D. at 594.  As such, any responsive information is already in USA's possession. *Id*., (stating "Since discovery should be substantially completed on those issues by now, Defendants' contention interrogatories that seek to clarify the basis for and scope of Lucero's claims are appropriate at this time.")

Additionally, Interrogatory 14 is not unduly burdensome or overly broad because it does not ask for "each and every fact and application of law to fact that supports the party's allegations". *See Steil v. Humana Kansas City, Inc*., 197 F.R.D. 445, 447 (D. Kan. 2000) (noting that "to require specifically 'each and every' fact and application of law to fact ... would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps

irrelevant and trivial details.") Nor does Interrogatory 14 ask USA to "provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents" which could be construed as overly broad and unduly burdensome. *See Lucero,* 240 F.R.D. at 594 citing *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D.Kan.1998).

Instead, Interrogatory 14 merely identifies the eleven Affirmative Defenses set out in USA's Answer and narrowly requests that USA "state what facts, evidence, and theory(ies)" that support each one. For example, USA's first affirmative defense is that it is immune from suit for vicarious liability under the Federal Torts Claim Act ("FTCA"). *See* Exhibit A at Interrogatory 14(1). Yet, it is settled law that the FTCA allows tort claims against a health care practitioner providing services in a facility operated by the Indian Health Services pursuant to a personal services contract, which directly contradicts USA's affirmative defense of immunity. *See Tsosie v. United States*, 452 F.3d 1161, 1167 (10th Cir. 2006). Plaintiffs are entitled to any know what facts or evidence in USA's knowledge contradict *Tsosie* and make USA immune here.

In sum, in propounding the single contention interrogatory, Plaintiffs simply seek to determine if they will need to refute USA's affirmative defenses, or to determine if USA can support the affirmative defense at all. USA need not provide a "narrative account" of each of the eleven Affirmative Defenses in response to this interrogatory, but it should be compelled to set forth facts supported by evidence that go to each affirmative defense now that discovery is completed on those issues. Compelling answers to this narrow discovery request is mandated by the very purpose of contention interrogatories, which is to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *See Steil*, 197 F.R.D. at 447.

**B. The Court should strike any affirmative defenses that USA cannot support.**

If USA is unable to provide a substantive response to Interrogatory 14 in support of any of the eleven Affirmative Defenses, even after being compelled to do so, then the Court and Plaintiffs must assume USA has no basis to assert that specific affirmative defense. Should such occur, Plaintiffs request the Court strike any individual affirmative defenses for which USA cannot provide facts, evidence or a legal theory that would support such a defense. The Federal Rules allow the Court to "strike from a pleading an insufficient defense" own its own accord or in response to a party's motion. *See* F. R. Civ. P 12(f).

**C. USA does not concur with this Motion and has refused to supplement in good faith.**

Plaintiffs' counsel unsuccessfully sought good faith cooperation pursuant to Fed. R. Civ. P. Rule 37 and concurrence pursuant to D.N.M. LR-Civ 7.1 prior to filing this motion. *See* Letter from Barudin Law Firm, dated April 23, 2018, attached hereto as **Exhibit B**. There has been no written response, via email or letter, for over two weeks as of the time of filing this Motion. Inasmuch as the deadline for discovery motions is currently set for May 14, 2018, Plaintiffs have timely filed this motion.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request the Court compel Defendant USA to provide a substantive response to Interrogatory 14, or alternatively to strike any affirmative defenses listed in USA's Answer that it cannot support, and for any such further relief the Court deems proper.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*/s/ Theodore W. Barudin*
By: Theodore W. Barudin
7900 Menaul Blvd NE
Albuquerque NM 87110

(505) 332-1800
tbarudin@barudinlaw.com

William H. Carpenter
WILLIAM H. CARPENTER LAW OFFICE
Post Office Box 35070 Albuquerque,
NM 87176-5070
(505) 243-1336
bill@carpenter-law.com

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2018, I served all parties and counsel with the foregoing pleading via CM/ECF system, electronic mail, and first class United States mail as follows:

Erin Lagenwalter
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7282

Erin.Lagenwalter@usdoj.gov

*/s/ Theodore W. Barudin*
Theodore W. Barudin