IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
For N.E. D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend of I.C. and
S.D., minors,

    Plaintiffs,                    No. 17-cv-384 JAP-JHR

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA

## INTERROGATORIES

**INTEROGATORY NO. 1:** Identify the person(s) that connected the O2 tube to the wall in the CT room at the time N.E.D at all time including while was in the CT Scanner room.

**ANSWER: It is unknown who, if anyone, connected the O2 tube to the wall in the CT room while N.E.D. was in the CT Scanner room.**

**INTERROGATORY NO. 2:** Describe the activity of each of the following persons during the time N.E.D. was in the CT Scanner room from the time she entered until the time she was taken back to the Emergency Room:

    a. Ella Begay;

    b. Bonnie Simon;

    c. Richard Tyler;

    d. Kelli Coggins;

1



of any documents generated, the location of the documents and the substance of such written documentation.

**ANSWER:** The United States objects to Plaintiffs' Interrogatory No. 13, on the grounds that it is overly broad and unduly burdensome to the extent it seeks a narrative of information regarding the surrounding circumstances, for which written discovery is not the proper vehicle. *See e.g., IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail). Written interrogatories are not a substitute for depositions, as they serve two different functions. *Bashkin v. San Diego County*, 2011 WL 109229, *2, (S.D. Cal. 2011). Plaintiffs deposed Dr. Philip MacNeil regarding any conversations he had concerning the care and medical treatment of N.E.D., the details of which can be found in his deposition.

The United States further objects to the extent Plaintiffs seek documents in the form of an interrogatory. A party may not circumvent the requirements of Fed. R. Civ. P. 24 by demanding that documents be attached to a response to an interrogatory answer. *See e.g., Kirkland v. Morton Salt Co.*, 46 F.R.D. 28, 31-32 (N.D. Ga. 1968). Fed. R. Civ. P. 33(d) provides an option for the *responding* party to produce its business records in answering an interrogatory, but the rule is not a license for the requesting party to require production of documents. In any event, the United States has no responsive documents.

**INTERROGATORY NO. 14:** For each and every Affirmative Defense alleged in the United States' Answer to the First Amended Complaint [Doc. 55], state what facts, evidence, and theory(ies) you have to support:

 1. The United States is immune from suit under Plaintiff's theories of vicarious liability and respondeat superior because the waiver of sovereign immunity in the FTCA only covers torts committed by government employees or deemed employees acting within the scope of their employment.

 2. Plaintiff's claims for negligent training and supervision fall under the discretionary function exception to the waiver of sovereign immunity under the FTCA and therefore are barred.

 3. Even if not barred, Plaintiff has failed to timely exhaust any claims for negligent training and supervision under 28 U.S.C. § 2675(a).

 4. The United States and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the First Amended Complaint, and no act

or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiffs.

5. The injuries or damages, or both, alleged in the First Amended Complaint were proximately caused by the conduct of N.E.D. and/or others who are not employees of the Defendant.

6. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent acts and omissions of others were the independent, intervening, and superseding causes of Plaintiffs' alleged injuries.

7. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs have failed to mitigate their damages.

8. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs' assumption of the risk is attributed to their injuries.

9. If the United States is liable, which is specifically denied, Plaintiffs are limited to $600,000 in past economic and non-economic damages pursuant to NMSA § 41-5-6.

10. This court lacks subject matter jurisdiction over any claims which were not the subject of an administrative claim timely and properly presented pursuant to 28 U.S.C. § 2675(a).

14. The United States asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

**ANSWER:** **The United States objects to Plaintiffs' Interrogatory No. 14, on the grounds that it is overly broad and unduly burdensome to the extent it seeks a narrative of information regarding Defendant's facts, evidence, and theory(ies) related to its defenses in a contention interrogatory. "Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims."** ***Lucero v. Valdez*,** **240 F.R.D. 591, 594 (D.N.M. 2007) (citations omitted). When used to "systematically track all of the allegations in an opposing party's pleadings" or "ask for 'each and every fact' and application of law to fact that supports the party's allegations," contention interrogatories are considered overly broad and unduly burdensome.** ***Id.***

**INTERROGATORY NO. 15:** Identify each and every person who was working on February 28, 2016 in the GIMC Emergency Room and CT Room for the shift that would incorporate the times that N.E.D. was treated, including but not limited to, admission and other non-medical personnel. As to each, please state whether that individual had contact with N.E.D. and what the contact was.