# BARUDIN LAW FIRM
## A Professional Corporation

(505) 332-1800
Albuquerque

(888) 298-1180
Toll Free NM/AZ

7900 Menaul Boulevard, NE
Albuquerque, New Mexico 87110-4606

(505) 271-1888
Facsimile

tbarudin@barudinlaw.com
www.Barudinlaw.com

April 23, 2018

**VIA EMAIL: Erin.Langenwalter@usdoj.gov**
Erin Langenwalter
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103

    RE: *Murphy, et al. v. The United States of America*
        No. 1:17-cv-00384 JAP-JHR

## REQUEST TO SUPPLEMENT DISCOVERY RESPONSES

Dear Ms. Lagenwalter:

    We received the United States' Responses to Plaintiffs' First Set of Interrogatories on April 20, 2018. In reviewing these responses, we request that the United States provide more complete and supplemental responses to Interrogatory No. 14. We submit this letter requesting supplemental responses pursuant to Federal Rules of Civil Procedure, Rules 26(b)(1), 33(a)(2), and 37 (a)(3)(B)(iii)(4), along with D.N.M. LR - Civ. 26.6, 37.1.

    Specifically, I draw your attention to the discovery requests contained in Interrogatory No. 14:

    **INTERROGATORY NO. 14:** For each and every Affirmative Defense alleged in the United States' Answer to the First Amended Complaint [Doc. 55], state what facts, evidence, and theory(ies) you have to support:

    1. The United States is immune from suit under Plaintiff's theories of vicarious liability and respondeat superior because the waiver of sovereign immunity in the FTCA only covers torts committed by government employees or deemed employees acting within the scope of their employment.

    2. Plaintiff's claims for negligent training and supervision fall under the discretionary function exception to the waiver of sovereign immunity under the FTCA and therefore are barred.

    3. Even if not barred, Plaintiff has failed to timely exhaust any claims for negligent training and supervision under 28 U.S.C. § 2675(a).

    4. The United States and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the First Amended Complaint, and no act or



EXHIBIT B

failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiffs.

5. The injuries or damages, or both, alleged in the First Amended Complaint were proximately caused by the conduct of N.E.D. and/or others who are not employees of the Defendant.

6. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent acts and omissions of others were the independent, intervening, and superseding causes of Plaintiffs' alleged injuries.

7. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs have failed to mitigate their damages.

8. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs' assumption of the risk is attributed to their injuries.

9. If the United States is liable, which is specifically denied, Plaintiffs are limited to $600,000 in past economic and non-economic damages pursuant to NMSA § 41-5-6.

10. This court lacks subject matter jurisdiction over any claims which were not the subject of an administrative claim timely and properly presented pursuant to 28 U.S.C. § 2675(a).

11. The United States asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

********

The answer to this interrogatory filed by the United States claims that this request is "overly broad and unduly burdensome" and that somehow this request is a "contention" interrogatory giving rise to the position that the United States does not have to fully respond. Given that this interrogatory was filed <u>after</u> extensive discovery has been developed and undertaken since the filing of Plaintiffs' Complaint and First Amended Complaint, and the fact that the United States has pled such Affirmative Defenses in each of its Answers, we request a more detailed and substantive understanding of the facts and evidence that the United States relies upon in defending this case.

Plaintiffs are entitled to learn through this interrogatory what facts and evidence the United States will rely upon at time of trial for each of these affirmative defenses, e.g. discretionary function, other party responsible for causing Plaintiffs' injuires, assumption of the risk, independent and intervening cause, etc. Inasmuch as Plaintiffs are entitled to know what defenses are supported by the United States, it will be unduly prejudicial to Plaintiffs if the United States

does not delineate what facts and evidence it has, if any, which is being relied upon in pleading affirmative defenses in defending this action.

We look forward to your cooperation and a prompt response so we can avoid a motion to compel the requested information.

Very truly yours,

BARUDIN LAW FIRM, P.C.

Theodore W. Barudin

TWB/tb
cc: William H. Carpenter, Esq.
     Ronald I. Kaplan, Esq.
     Dominque Billy/Jacob Dotson