IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
for N.E.D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend
of I.C. and S.D., minors,

    Plaintiffs,                              No. 1:17-cv-00384 JAP/JHR

Vs.

THE UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dennis Murphy, Guardian Ad Litem for N.E.D., Jacob Dotson, and Dominique Billy, individually and as next of friend of minors I.C. and S.D. (Plaintiffs) filed suit against Defendant United States of America (United States or Defendant) seeking damages for alleged medical negligence, negligent training and supervision, and personal injuries under the Federal Tort Claims Act (FTCA) and New Mexico State law.[1] Plaintiffs' claims arise out of emergency medical treatment rendered to minor child N.E.D. at the Gallup Indian Medical Center (GIMC), an Indian Health Services facility in Gallup, New Mexico in February 2016. Plaintiffs allege, among other things, that Dr. Stephen Waite and other GIMC medical personnel failed to properly protect and monitor N.E.D.'s airway following a rapid sequence induction and intubation. *See* Amended Complaint ¶ 36. Plaintiffs claim this ultimately led to deprivation of oxygen for a period sufficient to cause N.E.D. to suffer a permanent hypoxic brain injury. *See id.*

On April 6, 2018, Defendant disclosed its expert witnesses, including two Board Certified Emergency Room Physicians, William F. Spangler, M.D. and Jack L. Sharon, M.D.

---

[1] *See* FIRST AMENDED COMPLAINT FOR MEDICAL NEGLIGENCE, PERSONAL INJURIES AND DAMAGES ARISING UNDER FEDERAL TORT CLAIMS ACT AND NEW MEXICO LAW (Doc. 51).

Plaintiffs filed a motion in limine asking the Court to exclude the opinions of Defendant's two proffered emergency medicine experts on the ground their intended testimony is cumulative and will prejudice Plaintiffs.[2] The Motion is fully briefed.[3] The Court having considered the parties' briefing, arguments, and relevant law will deny the Motion.

In the Motion, Plaintiffs claim that the expert reports prepared by Dr. Spangler and Dr. Sharon, both emergency medicine experts, reveal little to no variance in their opinions regarding N.E.D.'s treatment at GIMC. *See* Mot. at 3-4. Plaintiffs assert that Defendant should not be allowed to present such unnecessarily cumulative testimony because it will waste judicial resources and will cause undue prejudice to Plaintiffs in contravention of Federal Rule of Evidence 403. *See* Mot. at 2. Plaintiffs suggest that the prejudice is exacerbated by the financial burden of "deposing two expert witnesses charging exorbitant witness fees when their testimony will overlap." *See* Mot. at 2. Though relegated to a footnote in the Motion, and only expounded upon in their Reply, Plaintiffs also argue that Dr. Sharon's disclosure should be stricken because his expert report is unsigned, and because Defendant failed to include Dr. Sharon's fee schedule with the disclosure. *See* Mot. at 3, FN 1; Reply at 3-4.

Defendant counters first that Plaintiffs' Motion is premature, suggesting that the use of the term "may" in Federal Rule of Civil Procedure 26(a)(2)(A)[4] contemplates that parties will designate more experts than they intend to call at trial and that several strategic considerations, as here, affect a party's ultimate selection. *See* Resp. at 2. Defendant also contends that Dr.

---

[2] *See* PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT UNITED STATES OF AMERICA'S EMERGENCY MEDICINE EXPERTS (Doc. 85) (Motion).
[3] *See* THE UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ITS EMERGENCY MEDICINE EXPERTS (Doc. 86) (Response); PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE DEFENDANT UNITED STATES OF AMERICA'S EMERGENCY MEDICINE EXPERTS (Doc. 94) (Reply).
[4] Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it *may* use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added).

Spangler and Dr. Sharon have unique education and experience that shape their opinions in this case. *See* Resp. at 2. Specifically, Defendant states that in addition to offering opinions on Dr. Waite's decision to intubate N.E.D., Dr. Spangler will also offer "insight into the overall workings of emergency room departments." *See* Resp. at 2-3. Dr. Sharon, the United States continues, has experience working in the same geographical part of the country and trauma treatment level as GIMC. *See* Resp. at 3-4. Defendant points out that Plaintiffs have had the opportunity to depose both experts to explore anticipated testimony, yet chose not to do so, and only for the first time in this Motion raised concerns regarding the expense of deposing both experts – a concern that Defendant suggests is not credible given the monetary damages at issue in this case. *See* Resp. at 5. Finally, Defendant argues that any alleged prejudice is mitigated by the fact that the Court, rather than a jury, will be the factfinder in this case. *See* Response at 6-7.

Apparently the parties do not dispute that testimony from an expert in emergency medicine related to the standard of care and the treatment provided to Plaintiff N.E.D. at GIMC on February 28, 2016 is relevant. However, Federal Rule of Evidence 403 authorizes a court to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The "exclusion of evidence under Rule 403…is an extraordinary remedy and should be used sparingly." *U.S. v. Brooks,* 736 F.3d 921, 941 (10th Cir. 2013) (internal quotation marks and citation omitted). While the Court has discretion to limit the number of experts under this rule it cannot do so "arbitrarily, or on the basis of mere numbers." *See Green Constr. Co. v. Kan. Power & Light Co.,* 1 F.3d 1005, 1014 (10th Cir. 1993).

Defendant assures the Court that it does not seek to introduce cumulative testimony at trial, and that Dr. Spangler's testimony will address general emergency room procedure while Dr. Sharon will speak more specifically to practice in Level III Trauma Centers in a geographically similar area of the United States.  Under New Mexico law, a doctor has the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified doctors practicing under similar circumstances, giving due consideration to the locality involved. NMRA, Civ. UJI 13-1101. Accordingly, while New Mexico does not adhere to a "strict locality" rule, locality is one factor to consider when analyzing whether a physician's conduct met the standard of care. *See Pharmaseal Laboratories, Inc. v. Goffe*, 1977-NMSC-071, ¶ 16, 568 P.2d 589, 594 ("[D]ue consideration must be given by the fact-finder to the locality involved and the ways, if any, in which it differs from the locality about which the expert testifies, but this is merely one factor for the fact-finder to consider.").

Several of the opinions in the experts' reports certainly overlap and do not reflect the differences Defendant suggests exist. However, the Court is not convinced that designation of two experts who may testify in the same area is necessarily cumulative.  Moreover, Plaintiffs suggest that they will be unduly prejudiced by admission of both experts' respective testimony. But, other than citing to financial costs associated with taking the experts' depositions, if Plaintiffs decide to do so, Plaintiffs offer no explanation as to how they will prejudiced by possible duplicative expert testimony at the non-jury trial. The Court does not belittle the costs involved in litigation and specifically the expense of deposing medical expert witnesses.  But generally, unless manifest injustice would result, the party seeking discovery is responsible for paying the expert a reasonable fee for time spent responding to that discovery. *See* Fed. R. Civ. P. 26 (b)(4)(E). Plaintiffs have not demonstrated that manifest injustice would result from paying

expert fees. Plaintiffs have the option to forego taking in-person depositions or to work with opposing counsel to reach an agreement about alternatives to reduce costs.

Finally, Plaintiffs ask the Court to strike Dr. Sharon's disclosure based on Defendant's alleged failure to include a fee schedule and the fact that Dr. Sharon's report lacked a signature. As a preliminary matter, the Court notes that Defendant included Dr. Sharon's fees in the description of Dr. Sharon's proffered testimony in the United States' initial expert witness disclosures. *See* Ex. 3 to Resp., Defendant's Expert Witness Disclosures at 2. And while the Court recognizes that Dr. Sharon's report was unsigned at disclosure, the report was fully disclosed by the April 10, 2018 deadline, five months before trial. Plaintiffs have not demonstrated how the lack of a signature substantively prejudices them. Federal Rule of Evidence 26 (a)(2)(B) indicates that disclosure of an expert must be accompanied by a written report, prepared and signed by the witness, that contains a complete statement of the expert's opinion and the basis of that opinion, the facts or data the expert considered, the expert's qualifications, a list of cases in which the witness has testified for the previous four years, and a statement of compensation. Defendant has substantially complied with this rule, and the Court will allow Defendant an opportunity to cure the defect by providing Plaintiffs with a signed and sworn copy of the report or a sworn affidavit from Dr. Sharon adopting the report's contents. *See Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007) (finding that a letter submitted by an attorney for police officers in a 42 U.S.C. § 1983 action that identified doctors as expert witnesses, provided the curriculum vitae of each witness, and stated the expected testimony and basis of that testimony, substantially complied with Fed. R. Civ. P. 26(a)(2)(B), notwithstanding the fact that neither doctor had prepared or signed the letter, but where both doctors subsequently submitted sworn affidavits adopting the letter's contents).

At this time the Court will not require Defendant to exclude one of the disclosed emergency medicine experts. However, the Court may later decide to restrict Defendant to one emergency medicine expert if it becomes clear that the testimony of Dr. Spangler and Dr. Sharon is inappropriately cumulative.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion in Limine to Exclude Defendant United States of America's Emergency Medicine Experts (Doc. 85) is DENIED without prejudice, allowing Plaintiffs to make proper objections to cumulative evidence at trial.

_____
SENIOR UNITED STATES DISTRICT JUDGE