IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
for N.E.D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend
of I.C. and S.D., minors,

      Plaintiffs,                                No. 1:17-cv-00384 JAP/JHR

vs.

THE UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On May 28, 2018, Defendant United States of America ("Defendant" or "United States") filed a Motion to Exclude Plaintiffs' Supplemental Expert Report of Nurse Sharon Guerra (Motion) (Doc. 104). Plaintiffs Dennis Murphy, Guardian Ad Litem for N.E.D., Jacob Dotson, and Dominique Billy, individually and as next of friend of minors I.C. and S.D. (Plaintiffs) filed their Third Supplemental Expert Witness Disclosures and Reports on May, 11, 2018, which included a Supplemental Report authored by expert witness Sharon Guerra, RN. *See* Third Supp. Expert Witness Disclosures, Ex. A to Def. Mot. (Doc. 104-1); Supplemental Report, Ex. B to Def. Mot. (Doc. 104-2). In its Motion, Defendant asks the Court to exclude Ms. Guerra's Supplemental Report and related testimony as untimely.[1] The Motion is fully briefed.[2] The Court having considered the parties' briefing, arguments, and relevant law will deny the Motion, but will afford Defendant an opportunity to depose Ms. Guerra about her Supplemental Report.

---

[1] *See* THE UNITED STATES' MOTION TO EXCLUDE PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT OF NURSE SHARON GUERRA (Doc. 104) (Motion).
[2] *See* PLAINTIFFS' RESPONSE TO THE UNITED STATES' MOTION TO EXCLUDE PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT OF NURSE SHARON GUERRA (Doc. 111) (Response); REPLY TO THE UNITED STATES' MOTION TO EXCLUDE PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT OF NURSE SHARON GUERRA (Doc. 117) (Reply).

## I. BACKGROUND

Plaintiffs filed suit against Defendant seeking damages for alleged medical negligence, negligent training and supervision, and personal injuries under the Federal Tort Claims Act (FTCA) and New Mexico state law. *See* First Amended Complaint (Doc. 51).[3] Plaintiffs' claims arise out of emergency medical treatment rendered to minor child N.E.D. in February 2016 at the Gallup Indian Medical Center (GIMC), an Indian Health Services facility in Gallup, New Mexico. Plaintiffs allege, among other things, that Nurse Kelli J. Coggins,[4] Respiratory Therapist Ella Begay, and other GIMC medical personnel failed to properly protect and monitor N.E.D.'s airway following a rapid sequence induction and intubation. *See* Amended Complaint ¶ 36. Plaintiffs claim this ultimately led to deprivation of oxygen for a period sufficient to cause N.E.D. to suffer a permanent hypoxic brain injury. *See id.*

On October 17, 2018, U.S. Magistrate Judge Jerry H. Ritter entered a Scheduling Order setting the deadline for completion of discovery as April 16, 2018 and the deadline for Plaintiffs to submit expert witness disclosures and reports by January 16, 2018. (Doc. 30). Plaintiffs timely filed their Preliminary Expert Witness Disclosures in accordance with the Scheduling Order. *See* Certificate of Service (Doc. 52). Plaintiffs' preliminary disclosure identified Nurse Sharon Guerra as an expert witness, and provided Defendant with Ms. Guerra's expert report dated December 20, 2017, in which she rendered opinions about the conduct of Nurse Kelli Coggins and respiratory therapist Ella Begay in their treatment of N.E.D. *See* Plaintiffs' Preliminary Expert Witness Disclosures, Ex. C to Def. Mot. (Doc. 104-3); Guerra Expert Report 12/20/17, Ex. D to Def. Mot. (Doc. 104-4). Plaintiffs included a footnote caveat based on the addition of

---

[3] *See* FIRST AMENDED COMPLAINT FOR MEDICAL NEGLIGENCE, PERSONAL INJURIES AND DAMAGES ARISING UNDER FEDERAL TORT CLAIMS ACT AND NEW MEXICO LAW (Doc. 51).

[4] Ms. Kelli Coggins was formerly known as Kelli Smith at the time of the events at issue in this case. Throughout the briefing, the parties use several different iterations of her name. For consistency, the Court will refer to her as Kelli J. Coggins or Nurse Coggins.

two party defendants, Nurse Coggins and Next Medical Staffing,[5] in which they reserved the right to supplement the proffered expert witness testimony, as necessary, based on "newly discovered evidence." *See* Ex. C to Def. Mot. at n.1 (Doc. 104-3). There is no dispute that the initial expert witness disclosure complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiffs deposed Kelli Coggins on February 20, 2018. *See* Mot. at 3 (Doc. 104). And on March 13, 2018, the United States was substituted for Nurse Coggins after the United States determined that it would provide FTCA coverage over Ms. Coggins' personal services contract. (Doc. 66). On March 19, 2018, the Court entered an order granting the parties' stipulated motion to dismiss claims against Next Medical Staffing, LLC. (Doc. 70), leaving the United States as the only defendant.

On March 1, 2018, the day Defendant was supposed to disclose its own expert witnesses, Defendant instead filed a Motion to Extend Pretrial Deadlines (Doc. 60), which included a request to extend the deadline by which to file its expert witness disclosures. Defendant requested the additional time in part to "evaluate Ms. [Coggins'] testimony and to evaluate the need for expert witness testimony to address the issues raised in her deposition." *See* Mot. to Extend Deadlines at ¶ 8 (Doc. 60). U.S. Magistrate Judge Ritter granted Defendant's request and entered an order extending the deadline for Defendant to submit expert witness disclosures until April 6, 2018 with expert reports due by April 10, 2018. *See* Amended Scheduling Order (Doc. 79). Magistrate Judge Ritter also extended the discovery deadline to May 7, 2018. *See id.*

On March 15, 2018, counsel for both parties exchanged email communications about

---

[5] The Court allowed Plaintiffs to amend the Complaint to add Kelli Coggins and Next Medical Staffing because Plaintiffs discovered through early depositions that Nurse Coggins, who participated in treating N.E.D., was a federal contractor employed by Next Medical Staffing and potentially outside of FTCA coverage. (*See* Order, Doc. 50).

setting a date for deposing Nurse Sharon Guerra. *See* 03/15/18 Email, Ex. E to Def. Mot. (Doc. 104-5). The parties agreed to hold Ms. Guerra's deposition on April 13, 2018 at 9:00 a.m.

Plaintiffs filed their First Supplemental Expert Disclosure on March 30, 2018. *See* Certificate of Service (Doc. 76). According to the United States, this disclosure included additional testimony and opinions from Plaintiffs' Life Care Planner. *See* Mot. at 3 (Doc. 104). On April 2, 2018, Plaintiffs filed a Second Supplemental Expert Disclosure, *see* Certificate of Service (Doc. 80) which, according to Defendant, included additional opinions from Plaintiffs' expert economist. *See* Mot. at 4 (Doc. 104).

In accordance with the April 2, 2018 Amended Scheduling Order the United States filed its Expert Witness Disclosures on April 6, 2018, *see* Certificate of Service (Doc. 82) and its expert reports on April 10, 2018, *see* Certificate of Service (Doc. 83). On April 12, 2018, counsel for both parties again exchanged email communications regarding Ms. Guerra's deposition. *See* 04/12/18 Email, Ex. F to Def. Mot. (Doc. 104-6). Plaintiffs' counsel informed counsel for the United States that Ms. Guerra was no longer available the following day at 9:00 a.m. due to a scheduling conflict with her new employment, and asked if 3:00 p.m. would work instead. *See id.* Counsel for the United States responded that she was not available at that time and cancelled the deposition. *See id.* The deposition was not rescheduled prior to the May 7, 2018 discovery deadline. *See* Mot. at 4 (Doc. 104). On May 11, 2018, Plaintiffs filed their Third Supplemental Expert Witness Disclosures, which included Ms. Guerra's Supplemental Report, the subject of Defendant's Motion.

## I. LEGAL STANDARD

"The district court has wide discretion in its regulation of pretrial matters." *Si-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Federal Rule of Civil Procedure

26(a)(2)(B)(i) requires the disclosure of an expert report, which "must contain… a complete statement of all opinions the witness will express and the basis and reasons for them." Under Rule 26(a)(2)(D) the Court may, as it did in this case, set a time by which the parties must submit their experts' reports. The Tenth Circuit has noted that "[s]uch disclosure is necessary to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (internal quotation marks and citation omitted).

Parties are under an ongoing obligation to supplement a Rule 26(a)(2)(B) expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties…" Fed. R. Civ. P. 26(e). Any supplemental information must be disclosed "at least 30 days before trial" unless the Court orders otherwise. *See* Fed. R. Civ. P. 26(a)(3) and 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Although a court need not make explicit findings regarding the existence of a substantial justification or the harmlessness of a Rule 26(a) violation, courts generally consider four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

## II. DISCUSSION

Defendant argues that the Court should exclude Nurse Guerra's Supplemental Report and any opinion associated with that report, claiming it is prejudiced by the late disclosure, after the discovery deadline passed, thereby foreclosing the opportunity to depose Nurse Guerra about these additional opinions. *See* Mot. at 4 (Doc. 104). The United States argues that because of scheduling restraints and a belief that all of Nurse Guerra's opinions were set forth in Plaintiffs' prior disclosure and Nurse Guerra's initial expert report, it did not seek to reschedule Nurse Guerra's deposition after it was cancelled. *Id.* Defendant argues that Plaintiffs' failure to make Nurse Guerra available for deposition at the agreed upon date and time, followed by late disclosure of her Supplemental Report after the close of discovery when the United States could no longer schedule a deposition, demonstrates that Plaintiffs acted in bad faith. *Id.* at 8. Defendant notes that the report was dated March 26, 2018,[6] and yet Plaintiffs offered no justification for the delay, despite filing a supplemental report for another expert on April 2, 2018. *See* Reply at 2 (Doc. 117). Ultimately, Defendant claims it will be harmed by the inability to properly explore and rebut Nurse Guerra's additional opinions. *See* Reply at 3 (Doc. 117).

Plaintiffs respond that Nurse Guerra's Supplemental Report merely incorporates opinions she developed based on Ms. Coggins' February 20, 2018 deposition – a deposition that occurred after initial expert disclosures were due. *See* Resp. at 1-2 (Doc. 111). Plaintiffs contend that Defendant ultimately chose not to depose Nurse Guerra during discovery, at which deposition Defendant presumably could have obtained the information disclosed in the supplemental report. *See* Resp. at 3-4 (Doc. 111). Plaintiffs claim the supplemental disclosure nevertheless was made

---

[6] The parties attribute different dates to Nurse Guerra's Supplemental Report. Defendant continually refers to the supplemental report as written on March 26, 2018, while Plaintiffs reference April 30, 2018. The report itself bears a type-written date of March 26, 2018 in the top left hand corner, but was signed by Nurse Guerra on April 30, 2018. *See* Ex. D. to Def. Mot., Supplemental Report (Doc. 104-2).

in good faith to avoid surprise at trial given the cancelled deposition of Nurse Guerra. *See id.* Plaintiffs argue that the United States has failed to demonstrate that it would be prejudiced as a result of the supplemental report. *See* Resp. at 1-2 (Doc. 111).

As a preliminary matter, the Court finds that the Supplemental Report is untimely. The Federal Rules provide for supplementation of an expert witness' report up until the deadline for pretrial disclosures. "For an expert whose report must be disclosed…the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Though Plaintiffs complied with the Scheduling Order by disclosing Nurse Guerra's initial expert report on January 16, 2018, Plaintiffs' Third Supplemental Expert Witness Disclosure and Nurse Guerra's Supplemental Report were provided to Defendant five days after the amended discovery deadline established in the Amended Scheduling Order.

However, applying the factors set forth by the Tenth Circuit in *Woodworker's Supply, Inc.*, the Court concludes that Defendant's Motion should be denied because the failure to comply with Rule 26(a) is justified and harmless. First, there does not appear to be any real prejudice to Defendant. "The type of prejudice that rises to the level of warranting the exclusion of a witness's testimony…is the inability of the opposing party to fully litigate the case and defend against the new testimony…" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011). Nothing here suggests that Defendant will be unable to fully litigate the case. In their first preliminary witness disclosure, Plaintiffs offered that Nurse Guerra would render opinions regarding the alleged breaches of standard of care by Ella Begay and Nurse Kelli J. Coggins specifically with regards to controlling N.E.D.'s airway and monitoring N.E.D. as she was

7

transported to the CT scanner room and while in the CT scanner room, and with regards to mechanical ventilation. *See* Ex. C to Def. Mot., Pl. Preliminary Expert Witness Disclosures (Doc. 104-3). At the time Nurse Guerra's initial report was disclosed, Plaintiffs had not yet deposed Nurse Coggins. Nurse Guerra notes in her Supplemental Report that she is adding conclusions related to the treatment and care of N.E.D. based on her review of Kelli Coggins' deposition which took place on February 20, 2018.[7] *See* Ex. B to Def. Mot., Supplemental Report (Doc. 104-2). Three of the additional conclusions appear to directly relate to airway control and mechanical ventilation as noticed in the initial disclosures, *see* Doc. 104-2, ¶¶ 2, 4, 5.

The Court observes that the remaining two conclusions in the Supplemental Report relate to neurological assessment and pain assessment, respectively, *see id.* ¶¶ 1, 3, matters that do not directly fall within the description of Nurse Guerra's opinions in the preliminary disclosure. The Court also recognizes Defendant's argument that Plaintiffs should have been able to provide the Supplemental Report prior to the May 7, 2018 discovery deadline. This would be true even if Plaintiffs were unable to obtain a final copy from Nurse Guerra until the April 30, 2018 signature date on the document. Nevertheless, the disclosure was made only four days after the discovery deadline and approximately four months prior to trial as it is currently scheduled. This provides more than sufficient notice of Nurse Guerra's prospective trial testimony and allows a reasonable opportunity for the United States to prepare for effective cross examination.

The second factor concerns whether the United States could somehow cure any potential prejudice. The Court is aware of the demanding schedules and time constraints encountered by most counsel who appear before the Court. In that context, the Court appreciates the challenges posed by a last minute request to change the time of Nurse Guerra's deposition with

---

[7] In her supplemental report, Ms. Guerra indicates the deposition took place on February 21, 2018. The United States' Motion indicates Plaintiffs deposed Kelli Coggins on February 20, 2018.

approximately three weeks remaining before the discovery deadline. However, Defendant could have, on its own, or by seeking Plaintiffs' concurrence, filed a motion requesting additional discovery time to complete Nurse Guerra's deposition. Alternatively, Defendant could have sought additional time from the Court to file a rebuttal expert report. In the interest of fairness, however, the Court will grant Defendant the opportunity to depose Nurse Guerra within the next 30 days, if it so chooses. The deposition will be limited to issues and/or opinions raised for the first time in the supplemental expert report.

Third, the Court finds that there will be no disruption to trial by allowing Nurse Guerra's testimony given the disclosure occurred nearly four months prior to trial, and nearly two months still remain until trial.

Finally, as to the fourth *Woodworker's Supply, Inc.* factor, Plaintiffs argue that the very act of disclosing the Supplemental Report was in keeping with their obligation under the Federal Rules and desire to avoid surprise at trial. *See* Resp. at 2 (Doc. 111). While the Court is troubled by Plaintiffs' lack of explanation regarding the timing of when they first anticipated the need for a Supplemental Report, when Nurse Guerra first provided them with the Supplemental Report, and when the report was ultimately disclosed to Defendant, the Court does not believe that Plaintiffs were acting in bad faith or to willfully harm or prejudice Defendant.

All of the Tenth Circuit Court factors weigh in favor of finding that the untimely supplemental disclosure is substantially justified and harmless under rule 37(c). Accordingly, the Court will deny Defendant's Motion.

IT IS THEREFORE ORDERED that:

1. The United States' Motion to Exclude Plaintiffs' Supplemental Expert Report of Nurse Sharon Guerra (Doc. 104) is DENIED; and

2. The Court will allow Defendant the opportunity to depose Nurse Sharon Guerra within 30 days of this Order regarding issues and opinions raised for the first time in Ms. Guerra's Supplemental Report.

_____
SENIOR UNITED STATES DISTRICT JUDGE