IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
for N.E.D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend
of I.C. and S.D., minors,

    Plaintiffs,                                       No. 1:17-cv-00384 JAP/JHR

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dennis Murphy, Guardian Ad Litem for N.E.D., Jacob Dotson, and Dominique Billy, individually and as next of friend of minors I.C. and S.D. (Plaintiffs) filed suit against Defendant United States of America (United States or Defendant) seeking damages for alleged medical negligence, negligent training and supervision, and personal injuries under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., and New Mexico state law. *See* First Amended Complaint (FAC).[1] Plaintiffs' claims arise out of emergency medical treatment rendered to minor child N.E.D. in February 2016 at the Gallup Indian Medical Center (GIMC), an Indian Health Services facility in Gallup, New Mexico following the child's fall from playground equipment in a city park. Plaintiffs allege, among other things, that GIMC medical personnel failed to properly protect and monitor N.E.D.'s airway following a rapid sequence induction and intubation. *See* FAC ¶ 36. Plaintiffs claim this ultimately led to deprivation of oxygen for a period sufficient to cause N.E.D. to suffer a permanent hypoxic brain injury. *See id.*

---

[1] *See* FIRST AMENDED COMPLAINT FOR MEDICAL NEGLIGENCE, PERSONAL INJURIES AND DAMAGES ARISING UNDER FEDERAL TORT CLAIMS ACT AND NEW MEXICO LAW (FAC) (Doc. 51).

1

On May 25, 2018, Defendant filed a motion to dismiss this suit under Rule 12(b)(7) for failure to join indispensable parties, or, alternatively to force joinder of the City of Gallup and three corporations that Plaintiffs claim manufactured and supplied the playground equipment from which N.E.D. fell. Plaintiffs maintain that N.E.D.'s fall necessitated medical treatment at GIMC giving rise to the claims before this Court.[2] Plaintiffs oppose the Motion and it is fully briefed.[3] On July 18, 2018, the Court held a hearing on the Motion followed by additional arguments on August 2, 2018. The Court, having considered the parties' briefing, arguments, and relevant law will deny the Motion.

I.     BACKGROUND

On February 28, 2016, then six-year old N.E.D. was playing on playground equipment at the Indian Hills Playground in Gallup, New Mexico. *See* FAC ¶ 21. Around 3:00 p.m., N.E.D. fell, hitting her head and face on the playground surface material. *Id.* Approximately one hour later, N.E.D. was taken to the Gallup Indian Medical Center (GIMC) for an evaluation of any injuries related to her fall. *Id.* ¶¶ 22-23. Dr. Stephen Waite, after evaluating N.E.D., decided to conduct a rapid sequence intubation following administration of Ativan, Ketamine, and succinylcholine in order to assess N.E.D.'s head using a computed tomography (CT) scan. *Id.* ¶ 24. Following intubation, N.E.D. was accompanied by medical staff to the CT scan room. *Id.* ¶ 24. While in the room for the CT scan, N.E.D.'s pulse oximeter dropped and she required cardiopulmonary resuscitation (CPR). *Id.* ¶ 29. At 5:40 p.m., N.E.D. was transferred via medical

---

[2] *See* THE UNITED STATES' MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSIBLE [sic] PARTIES OR, ALTERNATIVELY, TO FORCE THE JOINDER OF PLAYPOWER, INC., MIRACLE RECREATION EQUIPMENT CO., CHURCHICH RECREATION EQUIPMENT, LLC AND THE CITY OF GALLUP (Motion) (Doc. 99).

[3] PLAINTIFFS' RESPONSE MEMORANDUM IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES OR, ALTERNATIVELY, TO FORCE THE JOINER OF PLAYPOWER, INC., MIRACLE RECREATIONAL EQUIPMENT CO., CHURCHICH RECREATION EQUIPMENTS, LLC AND THE CITY OF GALLUP (Doc. 109) (Response); THE UNITED STATES' REPLY TO ITS MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSIBLE [sic] PARTIES OR, ALTERNATIVELY, FOR JOINDER (Doc. 114) (Reply).

flight to the University of New Mexico Hospital in Albuquerque, New Mexico where she was further evaluated and treated. *Id.* ¶¶ 33-34. An MRI performed on N.E.D.'s head on March 2, 2016 demonstrated a hypoxic brain injury from "global hypoxic/anoxic/hypo-perfusion insult." *Id.* ¶ 34.

On March 28, 2017, Plaintiffs filed a complaint against Defendant United States under the FTCA seeking damages for medical negligence of federal employees at GIMC that Plaintiffs claim resulted "in the permanent and irreparable injuries to N.E.D., an incapacitated minor, and to Plaintiffs." *See* Complaint ¶ 1 (Doc. 1).[4] On January 9, 2018, after obtaining leave from the Court, Plaintiffs amended the Complaint to add as defendants Nurse Kellie Smith and Next Medical Staffing, having discovered through early depositions that Nurse Smith, who participated in N.E.D.'s treatment, was a federal contractor potentially outside of FTCA coverage. *See* Jan. 8, 2018 Order (Doc. 50). The United States ultimately determined that it would provide FTCA coverage over Nurse Smith's personal services contract and was substituted in her place, and the Court dismissed the claims against Next Medical Staffing. *See* Order to Substitute (Doc. 66); Order to Dismiss (Doc. 70).

On April 12, 2017, Plaintiffs also filed an action in New Mexico state court against the City of Gallup, which they claim was responsible for maintaining the playground equipment at Indian Hills Playground, as well as PlayPower, Inc., Miracle Recreational Equipment Co., and Churchich Recreation Equipment, LLC (Suppliers), companies Plaintiffs claim manufactured and supplied the particular playground equipment from which N.E.D. fell. The case was dismissed for improper venue, but was refiled with the Eleventh Judicial District Court of the State of New Mexico on January 10, 2018. *See* Ex. A to Mot., State Court Complaint (Doc. 99-

---

[4] *See* COMPLAINT FOR MEDICAL NEGLIGENCE, PERSONAL INJURIES AND DAMAGES ARISING UNDER THE FEDERAL TORT CLAIMS ACT (Doc. 1) (Original Complaint).

1). In the State Court Complaint, Plaintiffs assert claims for negligence, negligence *per se*, and strict liability against the Suppliers, allege that the City of Gallup was negligent in maintaining the playground, and assert that the City of Gallup and Suppliers are jointly and severally liable for all harms suffered by N.E.D., "including the additional/enhanced injuries caused by the Gallup Indian Medical Center." *See* Ex. A to Mot., State Court Complaint. Plaintiffs seek damages against the City of Gallup and Suppliers not only for any original injury related to N.E.D.'s fall, but also for any injury resulting from "necessary medical attention." Plaintiffs assert that the combined injuries "resulted in extensive brain damage, including impairment of cognitive function, physical paralysis and other injurious health effects that have necessitated medical care, rehabilitation, counseling, and will require medical attention for [N.E.D.'s] lifetime." *See* Ex. A, State Court Complaint, ¶ 79.

Defendant United States claims it became aware of the parallel state court proceeding on February 27, 2018 when Suppliers filed a notice of claim with the United States Department of Health and Human Services for contribution/indemnity for the purported negligent medical care provided to N.E.D. at GIMC.[5] *See* Mot. at 3; Ex. B to Mot., Form 95. Defendant has filed this motion to dismiss for failure to join necessary parties.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 19

Defendant United States moves under Federal Rules of Civil Procedure 12(b)(7), 12(c), 12(h)(2) and 19 to dismiss this action, claiming the City of Gallup and Suppliers (collectively, State Court Defendants) are necessary parties, that joining the City of Gallup and the Suppliers is

---

[5] Plaintiffs contend that Defendant was aware of the parallel state court action at least as early as July 24, 2017 during an initial scheduling conference with U.S. Magistrate Judge Ritter at which the parties discussed that Plaintiffs were going to refile the state court action soon and that "[i]f damages or other discovery is needed, Plaintiffs will coordinate with the United States and defense counsel in the state court case to conserve resources." *See* Clerk's Minutes, July 24, 2017 (Doc. 17).

not feasible, and that the Court should dismiss Plaintiffs' suit in equity and good conscience. *See* Mot. at 1. The Court may exercise its discretion under Federal Rule of Civil Procedure 12(b)(7) to dismiss an action where a required and indispensable party has not been joined. *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1277 (10th Cir. 2012). As the proponent of the motion to dismiss under 12(b)(7), Defendant United States bears the burden of showing that the State Court Defendants are necessary and indispensable parties. *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). A proponent's burden may be satisfied by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (internal quotation marks and citation omitted).

Rule 19 of the Federal Rules of Civil Procedure "recognizes exceptional circumstances in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013). In relevant part, Rule 19 [6] provides:

> (a)(1) …A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>     (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>     (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>         (i) as a practical matter impair or impede the person's ability to protect the interest; or
>         (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest…
>
> (b)…If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

Determining whether a party is indispensable requires a two-part analysis. *See Rishell v. Jane Phillips Mem. Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). Rule 19(a) sets forth the standard

---

[6] Prior to the 2007 Amendments, Rule 19 referred to "necessary" parties "rather than "required parties." Because the parties and older case law utilize the term "necessary," the Court uses the two terms interchangeably.

for determining whether a party is necessary to be joined in an action and therefore must be joined if joinder is feasible. *See* Fed. R. Civ. P. 19(a). Rule 19(b) provides the process for determining whether, if the absent party is necessary but cannot be joined, the action should proceed among the existing parties or be dismissed for failure to join an indispensable party. *See* Fed. R. Civ. P. 19(b). The U.S. Supreme Court has stated that "the issue of joinder [under Rule 19] can be complex, and determinations are case specific." *Republic of Phillippines v. Pimentel*, 553 U.S. 851, 863 (2008). Therefore, "the rule is not to be applied in a rigid manner but instead should be governed by the practicalities of the individual case." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1346 (6th Cir. 1993) (citation omitted); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968) ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation."). Common sense and realistic appraisals should play the primary role in making Rule 19 determinations. *See Lopez v. Martin Luther King, Jr. Hospital*, 97 F.R.D. 24, 29 (C.D. Cal. 1983).

### B. Federal Tort Claims Act

Plaintiffs brought this suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*.[7] The Court has original and exclusive jurisdiction over civil actions on claims against the United States for money damages, s*ee* 28 U.S.C. § 1346(b), and it may exercise supplemental jurisdiction over related state law claims, *see* 28 U.S.C. § 1367. The FTCA waives the sovereign immunity of the United States in its district courts for tort claims

---

[7] Based on the parties' stipulation, the Court dismissed Defendant Next Medical Staffing and substituted Defendant United States of America for all claims alleged in Plaintiffs' First Amended Complaint against Kelly J. Smith (a/k/a Kelly J. Coggins). *See* ORDER GRANTING STIPULATED MOTION TO DISMISS DEFENDANT NEXT MEDICAL STAFFING, LLC WITH PREJUDICE (Doc. 70) The parties also stipulated to dismissal of, and the Court dismissed, Count IV relating to negligent training and supervision, as well as Plaintiffs I.C. and S.D.'s sibling claims for loss of consortium. *See* June 6, 2018 ORDER (Doc. 108).

"caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances [in which] the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). While the FTCA provides a mechanism for bringing a state law tort action against the United States in federal court, it does not itself create a substantive cause of action. *See Lomando v. U.S.*, 667 F.3d 363, 372 (3d Cir. 2011). Accordingly, the extent of the government's liability under the FTCA is determined by reference to state law. *See Haceesa v. U.S.,* 309 F.3d 722, 724 (10th Cir. 2002). In this case, New Mexico tort law controls the substantive issues.

### III. DISCUSSION

Defendant contends that Plaintiffs' suit must be dismissed because they have failed to join necessary parties, or, in the alternative, that this Court should order the State Court Defendants to join this action as necessary and indispensable parties. Accordingly, the Court must first determine whether the City of Gallup and the Suppliers are necessary parties. However, because Defendant's arguments are premised on an understanding of New Mexico tort law, and specifically New Mexico law as it pertains to original and successive tortfeasors, the Court will begin its discussion with a brief overview of the relevant law.

#### A. New Mexico Tort Law – Original and Successive Tortfeasors

New Mexico has abolished the doctrine of joint and several liability as applied to concurrent tortfeasors.[8] *See Bartlett v. N. M. Welding Supply, Inc.*, 1982-NMCA-048, 646 P.2d 579, *superseded in part on other grounds by* NMSA 1978, § 41-3A-1. New Mexico is now considered a pure comparative fault state, such that "when concurrent tortfeasors negligently

---

[8] "When the negligent acts or omissions of two or more persons combine to produce a single injury, the law considers those persons concurrent tortfeasors." *Lujan v. Healthsouth Rehab. Corp.,* 1995-NMSC-057, ¶ 8, 902 P.2d 1025, 1028.

7

cause a single, *indivisible* injury, the general rule is that each tortfeasor is severally responsible for its own percentage of comparative fault for that injury." *Payne v. Hall,* 2006-NMSC-029, ¶ 11, 137 P.3d 599, 603. But "[w]hen a person causes an injury to another which requires medical treatment, it is foreseeable that the treatment, whether provided properly or negligently, will cause additional harm." *Lujan v. Healthsouth Rehab. Corp.*, 1995-NMSC-057, ¶ 14, 902 P.2d 1025, 1029. Based on the notion that "the original tort is a proximate cause of harm attributable to negligent treatment, courts have held the original tortfeasor liable for both the original injury and for the harm caused by negligent medical treatment." *Id.* In this context, "medical malpractice committed while treating an injury caused by an initial tortfeasor and resulting in an enhanced injury constitutes a successive tort for which the principles of comparative fault do not apply." *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 31, 35 P.3d 972, 984.

In other words, the successive tortfeasor doctrine imposes joint and several liability on the original tortfeasor for the full extent of *both* the original injury and the second distinct injury or distinct enhancement of the first injury caused by the successive tortfeasor. *Payne*, 2006-NMSC-029, ¶¶ 12-13. The successive tortfeasor, however, is not jointly and severally liable for the entire harm but is liable only for the additional harm caused by the negligent medical treatment. *See Lewis ex rel. Lewis*, 2001-NMSC-035, ¶ 42. Imposition of the entire liability on the original tortfeasor is only temporary because the original tortfeasor is not in pari delicto with a successive medical care provider with respect to negligent treatment and may seek to shift responsibility for the additional or enhanced injury to the successive tortfeasor alone through indemnification, if the original tortfeasor has paid damages for both injuries. *See Lujan*, 1995-NMSC-057, ¶ 17 ("[L]iability for the enhanced injury may be shifted to the successive tortfeasor alone, regardless of who the plaintiff chooses to pursue for damages."); *see also Norwest Bank of*

*New Mexico, N.A. v. Chrysler Corp.*, 1999-NMCA-070, ¶ 11, 981 P.2d 1215, 1220 ("The original tortfeasor who caused the accident would remain liable for the entire injury, but with the prospect of indemnification against the successive tortfeasor for that portion of the judgment reflecting the enhanced injury."). The determinative factor in whether tortfeasors are concurrent or successive is the presence of two causally-distinct injuries, and a plaintiff is required to prove all of the elements, "including an original injury caused by the original tortfeasor's negligence." *Payne,* 2006-NMSC-029, ¶ 29.

By invoking the successive tortfeasor doctrine in the state court action, Plaintiffs seek to recover damages from the State Court Defendants, not only for any original injury N.E.D. might have incurred from the State Court Defendants' alleged negligence, but also for any distinct additional or enhanced injury resulting from medical care rendered by GIMC when N.E.D. sought treatment related to her fall. *See* Ex. A to Mot., State Court Complaint ¶¶ 65-70, 77-79. In this Court, Plaintiffs seek to recover damages against the United States solely for the additional or enhanced injury related to its alleged medical negligence in treating N.E.D. subsequent to her fall. *See generally* FAC (Doc. 51). As permitted under New Mexico's successive tortfeasor law, Supplier Defendants (Playpower, Inc., Miracle Recreational Equipment Co., Churchich Recreation Equipment, LLC) in the state court action have filed an administrative notice advising of their intent to seek contribution or indemnification against the United States for enhanced injury damages sustained by Plaintiff N.E.D. in the event that Plaintiffs "are able to establish 'the original injury and subsequent enhancement for that injury,'" rendering State Court Defendants liable to pay any damages awarded for both the original and additional/enhanced injuries. *See* Ex. B to Mot., Form 95 (Doc. 99-2).

### B. The State Court Defendants are Not Indispensable Parties Under Rule 19

#### 1. Complete Relief Among Existing Parties Under Rule 19(a)(1)(A)

Because "a medical care provider who negligently aggravates the plaintiff's initial injuries is not jointly and severally liable for the entire harm, but is [fully] liable…for the additional harm caused by the negligent medical treatment," New Mexico law allows a plaintiff to choose to file suit against the successive tortfeasor alone for any distinct or enhanced second injury. *See Lujan*, 1995-NMSC-057, ¶¶ 16-17; *see also Lewis ex rel. Lewis*, 2001-NMSC-035 (plaintiff sued alleged successive tortfeasor only). As such, the Court can accord complete relief to Plaintiffs in this federal action for any distinct second or enhanced injury N.E.D. may have suffered even in the absence of the State Court Defendants. *See* Fed. R. Civ. P. 19(a)(1)(A).

#### 2. Substantial Risk of Double and/or Inconsistent Obligations Under Rule 19(a)(1)(B)

Defendant does not raise any concerns regarding the Court's ability to accord complete relief in this proceeding, but rather primarily contends under Rule 19(a)(1)(B) that joinder of the State Court Defendants is necessary because if they are absent from this action, Defendant faces a risk of incurring double or inconsistent obligations for Plaintiff's damages because of the unique application of the successive tortfeasor doctrine. Defendant's concern is that "Plaintiffs are seeking double recovery for the 'enhanced injury' – against the City of Gallup and the Suppliers, as the 'concurrent' and 'original tortfeasors' in the State Court Action, and against the United States, as the purported 'successive tortfeasor' in this action." *See* Mot. at 6. The United States' argument is that if Plaintiffs are successful in the state court action, the State Court Defendants are likely to sue the United States for indemnification related to any damages paid for the second injury. *See* Mot. at 7. The United States continues that if Plaintiffs are also successful in this federal court action, the United States would be responsible for compensating

Plaintiffs for the full extent of that same injury, leaving the United States at risk of double and/or inconsistent obligations. *See* Mot. at 7-8. As evidence for its Motion, Defendant produced the complaint in the pending state court action, *Murphy*, *et al., v. Playpower, Inc., et al.*, Cause No. D-1113-cv-2018-00011, *see* Ex. A. to Mot., and a Form 95, Claim for Damage, Injury or Death filed by Playpower, Inc., Miracle Recreation Equipment Company, and Churchich Recreation Equipment, LLC (Supplier Defendants), *see* Ex. B to Mot.

Plaintiffs dispute this contention. They first reject the notion that they are pursuing double recovery, noting that Plaintiffs are seeking only those damages provided for under the New Mexico Medical Malpractice Act (MMA), NMSA 1978, § 41-5-1, et seq., and averring that should Plaintiffs be successful in this federal court case, the original tortfeasors in the state action would be entitled to a set off in the amount of damages recovered here for the enhanced injury.[9] *See* Resp. at 5. Plaintiffs also reiterate that under application of the successive tortfeasor doctrine in New Mexico, a plaintiff can choose to sue the successive tortfeasor for any distinct second or enhanced injury, and that any judgment obtained against Defendant would reflect Defendant's "liability only for Plaintiffs' enhanced injuries caused by its medical malpractice." *See* Resp. at 2-4. They emphasize that it is unnecessary to name every joint tortfeasor in one action. *See* Resp. at 6-7.

As Plaintiffs note, citing to *Temple v. Synthes Corp., Ltd.,* "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." 498 U.S. 5, 7-8 (1990) (per curiam); *see also Painewebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) ("A person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party."); *Foy v. State Farm Mut. Auto. Ins. Co.*, Civ. Case 17-0992-PJK-SCY, 2018 WL 2107791, *2

---

[9] Plaintiffs cite to New Mexico Uniform Jury Instruction 13-1802(C) when discussing damage set offs, but this instruction only applies in instances where the successive tortfeasor is the sole defendant and would not be applicable in the state court action against the original tortfeasors only.

(D.N.M. May 7, 2018) ("[J]oint tortfeasors are permissive, rather than necessary parties."); Fed. R. Civ. P. 19(a), advisory committee notes to 1966 amendment ("[A] tortfeasor with the usual 'joint-and several' liability is merely a permissive party to an action against another with like liability."). In *Temple* the United States Supreme Court overturned the lower court's dismissal of the plaintiff's suit for failure to join indispensable parties. The plaintiff filed suit in federal court against a surgical screw manufacturer alleging defective design and manufacture of a "plate and screw device" that later broke inside the plaintiff's back. *See Temple*, 498 U.S. at 5. The plaintiff also filed a separate suit in state court for medical negligence against the hospital and doctor who had implanted the device. *See id.* at 6. The defendant manufacturer filed a motion to dismiss proceedings for failure to join the hospital and doctor as necessary parties under Rule 19. *See id.* The district court ordered the plaintiff to join the doctor and hospital as defendants or risk dismissal of the lawsuit. *Id.* The district court ultimately dismissed the suit for the plaintiff's failure to join the doctor and hospital. *Id.* On appeal, the United States Court of Appeals for the Fifth Circuit found that the claims overlapped and upheld the district court's order of joinder under Rule 19. *Id.* at 7. In overturning the Fifth Circuit's judgment, the Supreme Court reiterated the rule that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id.* at 7 (quoting advisory committee notes to Rule 19(a) from the 1966 revision). Because the Supreme Court found that the doctor and hospital were not necessary parties, it did not reach the next step of the Rule 19 analysis. *Id.*

Defendant United States attempts to distinguish *Temple*, noting that the alleged negligence and resulting injury in that case occurred concurrently with neither defendant facing a claim for indemnification, and emphasizing that we are not faced here with "a tortfeasor with the *usual* 'joint and several liability.'" *Id.* at 7 (emphasis added); Mot. at 7. At the hearing, the

12

United States underscored the uniqueness of successive tortfeasor law in New Mexico as a reason to diverge from the broad rule of law stated in *Temple*. The *Lujan* court suggested that in a successive tortfeasor situation, the original and successive tortfeasors are jointly and severally liable for the successive injury. *See Lujan*, 1995-NMSC-057, ¶ 16 ("In cases involving successive tortfeasors whose separate causal contributions to the plaintiff's harm can be measured, the doctrine of joint and several liability applies only to the enhanced portion of the injury."). But what differs in this circumstance from the "usual" joint and several liability scheme, as pointed out by the United States, is that a successive tortfeasor cannot seek contribution from or compare or apportion fault with the original tortfeasor to reduce liability for the second injury because the duty of the original tortfeasor is of a different character than the duty of the successive tortfeasor.[10] Yet, an original tortfeasor is permitted to seek indemnification for the entire successive injury if the original tortfeasor has paid damages for that injury.

The Court is taken by the vague and sweeping rule affirmed by the Supreme Court "that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit," *Temple*, 498 U.S. at 6, and an almost unbroken line of federal cases citing to this general proposition to deny compulsory joinder under Rule 19 in cases where a party sought to join a tortfeasor in a multiple tortfeasor situation. *See Park v. Didden*, 695 F.2d 626, 631 (D.C. Cir. 1982) (listing cases and noting that "[a]n almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court"). Nevertheless, the Court agrees with Defendant that the circumstances of this case are unique both in procedural posture[11]

---

[10] *See* Brady C. Pofahl, *Tort Law – Original and Successive Tortfeasors and Release Documents in New Mexico Tort Law: Lujan v. Healthsouth Rehabilitation Corporation,* 27 N.M. L. Rev. 697, 702 (Summer 1997).
[11] The Court has encountered cases in which a plaintiff filed suit against an original tortfeasor only, against a successive tortfeasor only, settled with an original tortfeasor and then filed sued against a successive tortfeasor, and

and because it is "apparent that successive tortfeasor liability is doctrinally distinct from joint tortfeasor liability." *Rio Mar Assoc., LP, SE v. UHS of Puerto Rico, Inc.*, 522 F.3d 159, 166 (1st Cir. 2008) (noting, in a case addressing possible damage setoffs where plaintiffs settled first with the successive tortfeasor and then obtained a trial judgment against the original tortfeasor, that commentators and judges have recognized the distinctive nature of successive tortfeasor situations).

However, even if the Court were to stray from *Temple's* broad proclamation given the uncommon circumstances here, any inconsistency in or concern for double obligations at this point in the litigation is too speculative to find the State Court Defendants necessary parties under Rule 19(a). Rule 19(a)(1)(2) requires a *substantial* risk of double or inconsistent obligations. This clause "compels joinder of an absentee to avoid inconsistent *obligations*, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic." *See Wheeler Peak, LLC v. L.C.I.2, Inc.,* Civ. No. 07-1117-JB-WDS, 2009 WL 2982817 *6 (D.N.M. Aug. 15, 2009) (emphasis in original) (citing 4 *Moore's Federal Practice* § 19.03[4][d], at 19-59 to 19-60). Rather, "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). The Tenth Circuit presented a hypothetical example where a defendant could be subject to inconsistent obligations if the federal court ordered the defendant to transfer stock to the plaintiff and a state court entered an order requiring the same defendant to transfer the same stock to a party who was not part of the federal

---

cases where individual joint concurrent tortfeasors were sued simultaneously in state and federal court. The Court has yet to encounter another situation, as here, where a plaintiff simultaneously filed suit against an original tortfeasor in state court and a successive tortfeasor, over which the federal courts have exclusive jurisdiction, in federal court.

litigation. *See Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1091 (10th Cir. 2003).[12]

During the July 18 and August 2, 2018 hearings, the Court entertained a number of hypothetical scenarios to assess the alleged risk of double obligations, all of which are contingent on timing, progress, and outcome of each respective case. For example, Plaintiffs could settle with the State Court Defendants for the original injury and sign a release of claims against them, leaving Plaintiffs to pursue Defendant United States in this federal action for liability and damages pertaining to successive medical negligence. *See Lujan*, 1995-NMSC-057, ¶¶ 2, 14 (holding that a general release of personal injury claims against an original tortfeasor does not, as a matter of law, prevent the releasor from taking action against a successive tortfeasor for the extent of the enhanced injury resulting from alleged medical malpractice, unless the releasor has received full compensation for all of his or her injuries). Or, Plaintiffs could fail to establish the existence of two causally distinct injuries, in which case the successive tortfeasor doctrine would not apply at all. Any number of hypothetical situations could result at this point, many of which the Court explored with the parties, to include the situation that led to Defendant's Motion. The Court acknowledges that under the circumstances presented here, whether the State Court Defendants are necessary parties is a close call. However, the court is "required to look to practical possibilities more than theoretical possibilities in considering possible prejudice to parties," and at this stage the possibility of Defendant incurring double obligation for damages to Plaintiffs is too theoretical, and does not rise to the "exceptional circumstances" required by the Rule, to render the State Court Defendants necessary parties under Rule 19. *State Farm Mut. Aut. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 295 (10th Cir. 1975); *see also Marvel*

---

[12] Importantly, the Tenth Circuit also noted that the hypothetical possibility could be eliminated through the type of relief fashioned by the district court. *See Salt Lake Tribune Pub. Co.,* 320 F.3d at 1098.

*Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013)

The Court recognizes that the United States produced a notice of claim for indemnification submitted by the Supplier Defendants. This notice is concrete evidence that *if* Plaintiffs are able to prove to a jury that the State Court Defendants were negligent, *and* that their negligence caused a distinct, original injury to Plaintiffs, thereby making the State Court Defendants jointly and severally liable for the entire harm, the Supplier Defendants *may* file suit against the United States for indemnification. But this is not enough to rise to the level of creating a "substantial risk" of double obligations. New Mexico law does not allow for double recovery. *See Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 20, 795 P.2d 1006, 1012 ("New Mexico does not allow duplication of damages or double recovery for injuries received."); *Hood v. Fulkerson*, 1985-NMSC-048, ¶ 12, 699 P. 2d 608, 611 ("Duplication of damages or double recovery for injuries received is not permissible."). Plaintiffs have yet to establish liability, let alone recover anything in either case. And should the theoretical become a practical reality, the bar on double recovery can be addressed at that time *See Mountain Highlands, LLC v. Hendricks*, Civ. No. 08-0239-JB, 2009 WL 2426197 (D. N.M. July 14, 2009) (concluding in a case where the plaintiff sought an award for similar damages against two different defendants in separate actions that "[the plaintiff] has yet to recover anything in either case, and the ban on double recovery can be dealt with when and if it becomes an issue."); *see also Rio Mar Assoc., LP, SE,* 522 F.3d at 164-167 (analyzing proper allocation of damages under applicable law between a settling successive tortfeasor and non-settling original tortfeasor following post-trial judgment against the original tortfeasor). Further, the City of Gallup has not filed a notice of claim for indemnification and there is some ambiguity in New Mexico law as to whether or not the time for asserting a right of indemnification under New Mexico Rule of Civil Procedure 1-

014(A) has run.[13]

Accordingly, the Court finds that the City of Gallup and the Supplier Defendants are not required parties. Therefore, the Court need not engage in a Rule 19(b) analysis. *See Temple,* 498 U.S. at 8 (stating that "no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied").

IT IS THEREFORE ORDERED THAT the United States' Motion to Dismiss for Failure to Join Indispensible [sic] Parties or, Alternatively, to Force the Joinder of Playpower, Inc., Miracle Recreational Equipment Co., Churchich Recreation Equipment, LLC and the City of Gallup (Doc. 99) is DENIED. The Court will set a status conference for the parties under separate notice to discuss deadlines for pretrial motions and dates for the pretrial conference and non-jury trial.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[13] *See* Megan P. Duffy, *Multiple Tortfeasors Defined by the Injury: Successive Tortfeasor Liability after Payne v. Hall*, 37 N.M. L. Rev. 603, 606 n.30 (Summer 2007) ("New Mexico Courts have not determined whether the defendant's right to indemnification and contribution begins after a judgment has been entered against the defendant (or when the defendant actually pays for the plaintiff's injury), or whether indemnification and contribution are controlled by the underlying statute of limitations for the original tort.")