IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, Guardian Ad Litem
for N.E.D., an incapacitated minor; JACOB DOTSON;
DOMINIQUE BILLY, individually and as next friend
of I.C. and S.D., minors,

    Plaintiffs,                                            No. 1:17-cv-00384 JAP/JHR

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

## AMENDED FINAL JUDGMENT

This matter came before the Court for a bench trial on September 17, 2019 through September 20, 2019. This Court's Findings of Fact and Conclusions of Law (Doc. 267) entered on July 27, 2020, and its Memorandum Opinion and Order (Doc. 276) entered on February 12, 2021, awarded damages, attorney fees, New Mexico Gross Receipts Tax, taxable costs, and post-judgment interest to Plaintiffs, with an offset of $600,000.00 in favor of Defendant to prevent double recovery of non-medical damages. The Court entered Judgment on February 22, 2021 (Doc. 277). The parties jointly moved the Court to amend the Judgment to include additional details and clarification necessary to advance the intentions of the Court, prevent manifest injustice, and finally resolve this matter. *See* Joint Motion, filed March 19, 2021 (Doc. 279). The Court finds the motion is well taken and should be granted, amending the Final Judgment as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs recover from Defendant compensatory damages in the total amount of $15,357,497.00, to be allocated as follows:

    1.    $500,000.00, as stipulated by the parties, for past medical expenses.

    2.      $637,840.00 to Plaintiff Dominique Billy for past medical care of Plaintiff N.E.D.

    3.      $14,219,657.00 for future medical expenses.

**IT IS FURTHER ORDERED** that of the total amount of the award for compensatory damages, attorney fees are awarded in the amount of 25 percent, or $3,839,374.25, in accordance with 28 U.S.C. § 2678; and it is

**FURTHER ORDERED** that of the total amount of the award for compensatory damages, New Mexico Gross Receipts Tax are awarded in the amount of 7.875 percent of the amount for attorney fees, or $302,350.72; and it is

**FURTHER ORDERED** that in addition to the compensatory damages award, Plaintiffs recover taxable costs of $13,852.84 as set forth in Plaintiffs' Bill of Costs (Doc 278), in accordance with 28 U.S.C. § 1920; and it is

**FURTHER ORDERED** that upon entry of this Final Judgment by the Court, the United States will satisfy the Judgment by (1) paying **$10,288,073.48** to be deposited with New Mexico Bank and Trust, the trustee of an Irrevocable Reversionary Intervivos Medical Care Trust for the Benefit of N.E.D. (Trust) which is established by this Order, attached as Exhibit A; and (2) paying the remainder of the Judgment amount, **$5,083,276.36**, to Plaintiffs' counsels' trust account, from which Plaintiffs' counsel will distribute the funds in accordance with Final Summary of Disbursements, attached as Exhibit B. Attorney fees, costs, and cash disbursements shall be paid out of this amount as set forth in Exhibit B; and it is

**FURTHER ORDERED** that Plaintiffs shall recover post-judgment interest only to the extent provided for by 31 U.S.C. § 1304. That is, interest shall begin to accrue on this Final Judgment "only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the

Secretary of the Treasury through the day before the date of the mandate of affirmance. *Id.* § 1304(b)(1)(A). At that time, post-judgment interest, if any, shall be calculated in accordance with 28 U.S.C. § 1961; and it is

**FURTHER ORDERED** that New Mexico Bank and Trust is hereby appointed as the Trustee and that Integrion is appointed as the Administrator of the Trust established herein. The Trustee and the Administrator shall have the powers, duties, and responsibilities set forth in the attached Trust. The procedures for the resignation or removal of the Trustee or the Administrator and the appointment of a successor Trustee or Administrator are set forth in the Trust; and it is

**FURTHER ORDERED** that Plaintiff N.E.D. is the sole and exclusive Beneficiary of the Trust during her lifetime. During her lifetime, N.E.D. and her guardian have the duty and responsibilities set forth in the attached Trust; and it is

**FURTHER ORDERED** that as the Trust is established pursuant to a judgment, the terms of the Trust are final and shall not be amended, changed, or modified in any way by any court and shall not be subject to any interpretation by any court that is contrary to, or in conflict with, the Judgment, Findings of Fact, and Conclusions of Law in this action; and it is

**FURTHER ORDERED** that this Court will retain subject matter jurisdiction over the Trust for all purposes.

**IT IS SO ORDERED AND ADJUDGED.**

/s/ Richard K. Eaton
Richard K. Eaton, Judge
U.S.D.J., by Designation

Dated: April 29, 2021