**EXHIBIT A**

**IRREVOCABLE REVERSIONARY INTER VIVOS
MEDICAL CARE TRUST FOR THE BENEFIT OF N.E.D.**

### Article I
### The Establishment of the Trust

This Irrevocable Reversionary Inter Vivos Medical Care Trust ("Trust") is established following a Judgment entered on February 22, 2021 by the United States District Court for the District of New Mexico in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M) (Dkt. No. 277), and in accordance with the Court's Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 267) and Memorandum Opinion and Order dated February 12, 2021 (Dkt. No. 276). The Findings of Fact and Conclusions of Law of July 27, 2020 (Dkt. No. 267) and the Memorandum Opinion and Order dated February 12, 2021 are attached hereto and incorporated herein by reference.

### Article II
### The Purpose of the Trust and
### Compliance With Court Orders

The sole purpose of the Trust is to pay those future medical expenses of N.E.D. (hereinafter "Beneficiary") as specified, and to the extent determined, by the District Court in its Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 267) and Memorandum Opinion and Order dated February 12, (Dkt. No. 276), in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.), as more specifically defined as "Allowable Medical Expenses" in Article VII of the Trust.

### Article III
### The Beneficiary of the Trust

The "Beneficiary" of the Trust is N.E.D. (DOB 11/10/09). During all periods of minority or legal incapacity, the Beneficiary's legal representative shall act on behalf of the Beneficiary. For purposes of the Trust, the term "legal representative" means any individual or entity authorized by law or court order to act on behalf of the Beneficiary for purposes of carrying out the terms and conditions of the Trust, including the Beneficiary's attorney, parent, legal guardian, guardian, guardian ad litem, and conservator. In the event the Beneficiary has more than one "legal representative," the Trustee and Administrator are entitled to rely upon the signatures, statements, or actions of any one of the legal representatives in carrying out the terms of the Trust, absent a final court order to the contrary, provided that such Court order has first been presented to the Trustee and Administrator.

**Article IV**
**The Duties of Beneficiary**

The Beneficiary has the duty and responsibility to (1) cooperate with the Trustee and Administrator the extent the terms of the Trust require the Trustee and Administrator to obtain the cooperation of the Beneficiary in carrying out their respective duties and responsibilities; (2) submit requests for payment of medical expenses as required by the Trust; (3) provide signatures, authorizations, releases, documentation, or information necessary for the carrying out of the terms of the Trust; and (4) transmit to the Trust Estate any amount received by the Beneficiary or her guardian from another source of payments or benefits in reimbursement for, or payment of, an expense that has been paid or will be paid from the Trust Estate.

**Article V**
**The Sole and Exclusive Remainder Interest**
**in the Trust and the Trust Estate**

The United States of America has the sole and exclusive remainder interest in the Trust and the Trust Estate, effective upon the termination of the Trust, as provided in Article XX of the Trust. In order to protect its remainder interest, the United States is entitled to certain rights under the terms of the Trust, as provided in the Trust.

**Article VI**
**The Trust Estate**

**Section A. Definition of the Trust Estate**

The Trust Estate is defined to mean the amount awarded to the Beneficiary for "medical care and related future medical expenses" as stated in the Judgment entered February 22, 2021 (Dkt. No. 277) in accordance with the Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 276) of the United States District Court for the District of New Mexico in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.), after the Judgment is paid by the United States of America and any costs and fees are deducted, together with any interest or income earned by the Trust on Trust Estate investments during the existence of the Trust.

**Section B. Date the Trust Is Deemed Established**

The Trust shall be deemed established on the date all of the following conditions have been completed: (1) the amount of the Final Judgment required to be placed into the Trust has in fact been deposited with the Trustee; (2) the Trustee has deposited said amount into a separate account opened by the Trustee in the name of the Trust; and (3) the Beneficiary is alive at the time said amount is deposited into said separate account. No rights, obligations, or duties are created until the date the Trust is deemed established.

## Article VII
## Allowable Expenses

### Section A. Definition of Allowable Expenses

Allowable expenses are defined to mean the medical care and related expenses of the Beneficiary that are: (1) specified in the Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 276) of the United States District Court for the District of New Mexico in *Murphy, et al. v. the United States of America,* No. 1:17-cv-384-JAP-JHR (D.N.M.);  (2) consistent with  the Medical Malpractice Act, NMSA Section 41-5-3(D) (defining "[M]edical care and related expenses" as "all reasonable medical, surgical, physical rehabilitation and custodial services and includes drugs, prosthetic devices and other similar materials reasonably necessary in the provision of such services."), (3)  incurred on or after July 27, 2020 and up to her death,; and (4) for the benefit of the Beneficiary and/or are expended on her behalf

### Section B. Enumeration of Allowable Expenses

In accordance with the Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 267) of the United States District Court for the District of New Mexico in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.), "allowable expenses" are (1) neuropsychology evaluations through age 21; (2) physical therapy, occupational therapy, and speech therapy throughout Beneficiary's lifetime; (3) in addition to the Beneficiary's other therapies, before the age of twenty-one (21) at least one stay at a pediatric rehabilitation center such as the Kennedy Krieger Institute in Baltimore, Maryland; (4) routine and specialty medical care, routine medications, diagnostic studies, and lab work throughout the Beneficiary's lifetime; (5) case management services for the Beneficiary's care coordination throughout Beneficiary's lifetime; (6) a subacute residential adolescent program for a period of up to six months before age twenty-one (21); (7) medical supplies, durable medical equipment and adaptive aids for independent functioning throughout the Beneficiary's lifetime; (8) sixteen hours per day care from a home health aide or other equivalent caregiver, both in childhood and adulthood, for as long as Beneficiary remains in her family home (the appropriate hourly rate for such care was found by the Court to be presently thirty-five dollars per hour); (9) fulltime adult residential placement when the Beneficiary can no longer be cared for in her family home; and (10) respite care for the Beneficiary while she resides at home.

## Article VIII
## Appointment of Trustee and Administrator

### Section A. The Appointment of the Trustee

Pursuant to the attached Order, New Mexico Bank and Trust located in Albuquerque, New Mexico is appointed as the "Trustee" of the Trust. Subject to Article XII of the Trust, the Trustee shall act as the Trustee and perform its fiduciary duties and responsibilities as defined by the terms of the Trust. Subject to Article X, the term "Trustee" includes the present Trustee and any successor of said Trustee, whether by appointment pursuant to the Trust, or by way of merger, consolidation, transfer of Trust business, or otherwise.

**Section B. The Appointment of the Administrator**

Pursuant to the attached Order, Integrion Group located in Albuquerque, New Mexico is appointed as the "Administrator" of the Trust. Subject to Article XI of the Trust, the Administrator shall act as the Administrator and perform its fiduciary duties and responsibilities as defined by the terms of the Trust. Subject to Article X, the term "Administrator" includes the present Administrator and any successor of said Administrator, whether by appointment pursuant to the Trust, or by way of merger, consolidation, or transfer of business.

**Article IX**
**Resignation or Removal of the Trustee or Administrator**

**Section A. Right of Resignation**

The Trustee shall have the right to resign at any time upon giving ninety days written notice of such resignation to the supervising court, the Beneficiary, the Administrator, and the United States Department of Justice's Torts Branch (FTCA Staff). The Administrator shall have the right to resign at any time upon giving ninety days written notice of such resignation to the supervising court, the Beneficiary, the Trustee, and the United States Department of Justice's Torts Branch (FTCA Staff). An entity that is acting as both the Trustee and the Administrator shall have the right to resign from either or both appointments upon giving ninety days written notice of such resignation to the supervising court, the Beneficiary, and the United States Department of Justice's Torts Branch (FTCA Staff).

**Section B. Removal of the Trustee or the Administrator**

The United States District Court for the District of New Mexico shall have the exclusive right to remove a Trustee or an Administrator upon sixty days written notice to the Trustee, the Administrator, the Beneficiary, and the United States Department of Justice's Torts Branch (FTCA Staff).

**Section C. Return of Unearned Fees**

In the event the Trustee or an Administrator resigns or is removed from office, the resigning or removed Trustee or Administrator, prior to leaving the service of the Trust, shall return that portion of payments made to it during the Trust accounting period which represents unearned income. For purposes of the preceding sentence, "unearned income" shall mean the pro rata portion of all payments made to the resigning or removed Trustee or Administrator for which services have not been rendered. In the case of annual payments, this amount shall be determined by multiplying the annual payments by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 12. In the case of quarterly payments, this amount shall be determined by multiplying the quarterly payment by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 3.

**Section D. Transfer of the Trust Estate and the Trust Files**

Any Trustee that resigns or is removed shall transfer and deliver to its successor the then existing entire Trust Estate in its possession, along with all Trust documents and records in its possession. Upon such transfer, the Trustee shall be discharged as Trustee of the Trust and shall have no further powers, discretion, rights, obligations, or duties with reference to the Trust Estate, and all such powers, discretion, rights, obligations, and duties of the resigning Trustee shall inure to and be binding upon such successor Trustee.

Any Administrator that resigns or is removed shall transfer and deliver to its successor the then-existing Trust documents and records in its possession.

The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any Trustee or Administrator that resigns or is removed from liability for its acts or omissions.

**Article X**
**Successor Trustee or Administrator**

**Section A. Appointment of Successor Trustee or Administrator**

In the event the Trustee or the Administrator resigns, refuses or is unable to act, or is removed, the United States District Court for the District of New Mexico shall appoint in writing a successor within sixty days of receiving written notice of resignation or within sixty days of removal, upon consultation with the Beneficiary and the United States Department of Justice's Torts Branch (FTCA Staff). Any Order appointing a successor Trustee or Administrator shall be entered as a final, appealable order pursuant the Federal Rules of Civil Procedure.

**Section B. Qualifications of a Successor Trustee**

A successor Trustee appointed pursuant to this Article X shall be a corporate Trustee, shall be duly licensed to act in that capacity, and shall have a combined capital and surplus equal to or exceeding that of the predecessor Trustee unless the United States District Court for the District of New Mexico determines, upon notice and hearing, that a lesser combined capital or surplus is acceptable and does not jeopardize the long-term viability of the Trust.

**Section C. Duties, Rights, Responsibilities, and Powers of Successors**

A successor Trustee or Administrator shall have all the duties, rights, responsibilities, and powers provided by the Trust.

**Section D. Liability of Successors**

A successor Trustee or Administrator shall not be liable or responsible in any way for the acts or omissions of any predecessor Trustee or Administrator or for any loss or expense

---

occasioned by any act or omission of any such predecessor. The successor Trustee or Administrator shall be liable for its own acts or omissions in respect to property actually received or duties, responsibilities, and powers assumed by it as the successor. The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any predecessor Trustee or Administrator from liability for its acts or omissions.

## Article XI
## The Duties of the Trustee and Administrator

**Section A. Determine Whether a Request for Payment is Authorized by Trust**

The Trustee shall have the duty and responsibility to determine whether a request for payment of a medical expense is authorized by Article VII of the Trust subject to the approval of the Administrator and in accordance with the allowable expenses permitted by the New Mexico Medical Malpractice Act. The Administrator shall have the duty to review all proposed distributions from the trust to ensure that the proposed distributions are allowable expenditures as defined by Article VII of the Trust, consistent with the purpose of the Trust and in compliance with applicable court orders.

The Trustee shall require each request for payment of a medical expense to be submitted to the Trustee within ninety days of the date the medical goods or medical services for which payment is being requested were provided, unless the provider of such goods or services, or the Beneficiary, demonstrates good cause for a submission after the ninety-day period. A request for payment of any medical expense must be in writing on a form provided by the Trustee. A request for payment may be submitted by either the Beneficiary or a provider of the medical goods or medical services if the Beneficiary has consented to the provider billing the Trust directly. The Beneficiary may arrange with the Trustee for the advance authorization of medical expenses. Except for requests for payment where advance authorization has already been obtained, each request for payment of a medical expense must be signed by the Beneficiary.

The Trustee shall require that each request for payment of a medical expense include a detailed bill or statement from the provider of the medical goods or medical services for which payment is being sought, along with sufficient information for the Trustee to determine whether such goods or services are authorized by Article VII of the Trust and to determine the amount to be paid from the Trust Estate. The Trustee is authorized to contact the provider of the medical goods or medical services in order to verify that such goods or services were provided to or on behalf of the Beneficiary and to obtain any additional information or documentation necessary for the Trustee to complete its determination. In making a determination, the Trustee shall have the right to rely upon the information submitted by the Beneficiary or provider of such medical goods and services. The Trustee shall have no duty or obligation to determine the qualifications of the providers of such medical goods and services or whether any payments made to the Beneficiary are actually used by or for the Beneficiary's medical care. The Trustee is not required to obtain an order or approval from any court, except as required by the Trust, in determining whether a request for payment of medical expenses is authorized, in whole or in part, by Article VII of the Trust. The Trustee shall not be liable in money damages for any discretionary payment or other loss that occurs other than through its own fault or negligence.

The Trustee shall complete its review and make its determination within thirty days of receipt of a request for payment and the supporting documentation and information. In the event the Trustee cannot complete its review and make a determination within the thirty-day period, the Trustee shall have an additional thirty days to complete said review and to make said determination, provided written notice of such extension is provided to the Beneficiary.

In the event the Trustee determines that a request for payment of a medical expense is not authorized by Article VII of the Trust, the Trustee shall provide a detailed written notification of said determination to the Beneficiary within five business days of the determination. The Beneficiary shall have ninety days from the date the Beneficiary receives the written notification of the determination to object. The Beneficiary waives any objection the Beneficiary has or might otherwise have with respect to the determination if the Beneficiary does not object within the ninety-day period. Objections shall not be unreasonably made.

**Section B. Notify Administrator of an Allowable Medical Expense**

After the Trustee has determined that a request for payment of a medical expense is authorized by Article VII of the Trust, the Trustee shall notify the Administrator in writing of the amount to be paid from the Trust Estate and the name of the person or entity to whom such payment is to be made. If the Administrator determines that the proposed expenditure is not an allowable expense as defined by this Trust, the Administrator shall notify the Trustee within ten days of being notified of the proposed expenditure. If the Administrator determines that the proposed expenditure is not an allowable expense and notifies the Trustee in a timely manner, the expenditure shall not be made.

**Section C. Assist the Beneficiary in Applying for Payments From the Trust Estate**

The Trustee shall provide the Beneficiary with assistance in applying for payment of medical expenses from the Trust Estate.

**Article XII**
**Additional Duties of the Trustee**

**Section A. Open Separate Account and Manage the Trust Estate**

The Trustee shall open a separate account in the name of the Trust and deposit into such account the amount received pursuant to the Final Judgment in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.).

The Trustee agrees to accept, hold, manage, invest, administer, and distribute the Trust Estate according to the terms of the Trust within the powers provided to the Trustee.

**Section B. Make Payments From the Trust Estate**

The Trustee shall pay from the trust estate any medical expense that it determines to be an allowable expense as defined by this trust provided that the Administrator has not disapproved of such expenditure. The Trustee shall not pay any request for payment of medical expenses that has been disapproved by the Administrator.

In addition to making payments pursuant to Paragraph 1, above, the Trustee shall also pay the other expenses of Trust administration to the extent authorized in Article XIII of the Trust.

The Trustee shall make payments authorized by the Trust first out of the income generated by the Trust Estate. In the event the income of the Trust Estate is insufficient in any single calendar year to make the payments authorized by the Trust, the Trustee, in its discretion, may invade the principal of the Trust Estate. However, the Trustee may not invade the principal ($150,000.00) in any single calendar year without giving prior written notice to the Beneficiary, and the United States Department of Justice's Torts Branch (FTCA Staff). The purpose of the notification requirement is to advise the Beneficiary, and the United States to permit them to question payment requests that may jeopardize the long-term viability of the Trust Estate. The mere fact that such notice is given, however, shall not affect the obligation of the Trustee to make payments that are otherwise authorized by the Trust. At the end of each calendar year, any income that has not been disbursed, expended, reserved, or otherwise accumulated, shall be accumulated and added to the Trust Estate as principal. In the event the income and principal of the Trust Estate are insufficient in any single calendar year to make the payments authorized by the Trust, the Trustee shall make payments only to the extent funds are available in the Trust Estate. The Trustee shall not borrow from any source to make payments when the income and principal of the Trust Estate are insufficient in any single calendar year to make the payments authorized by the Trust. In the event the Trust Estate becomes Zero Dollars ($0.00) and there is no income due in the future, the Trust shall be deemed terminated and the Trustee shall apply to the United States District Court for the District of New Mexico for authority to close the Trust according to the procedures set forth in Article XX.

To the extent the United States District Court for the District of New Mexico requires prior court approval before the Trustee is authorized to make certain payments from the Trust Estate, the Trustee shall file a motion with said Court for authorization before making such payments. The Trustee shall not be liable in money damages for any payment or other loss that occurs other than through its own fault or negligence. Until the Trustee has received, at the location where the Trust Estate is being administered, written notice of the Beneficiary's death or of any other event upon which the right of payments may depend, the Trustee shall incur no liability for making payments authorized by the Trust.

**Section C. Recover or Recoup Payments**

In the event the Trustee determines that a payment from the Trust Estate should not have been made, should have been made in a lesser amount, or the Beneficiary has been reimbursed

from another source of benefits for such payment, the Trustee shall offset the amount of such payment to the extent of the overpayment. The Trustee is also authorized to take reasonable legal action as may be necessary to recover or recoup the amount of a payment that should not have been made or the amount of an overpayment, including any amount in excess to the amount that should have been paid or any amount for which there has been payment or reimbursement from another source.

**Section D. Maintain Files and Render Statements of Account**

The Trustee shall obtain and retain in its files a copy of the receipts and itemizations for all expenses paid by the Trust Estate. The Trustee shall also maintain a system of accounting and books of account with respect to the income, expenses, and assets of the Trust Estate which conform to the generally accepted principles and practices of accounting. The Trustee shall permit the Court, the Beneficiary, the Administrator, the United States Department of Justice's Torts Branch (FTCA Staff), and their designated representatives to examine all accounts, files, and documents relating to the Trust and the Trust Estate. The Trustee shall render a statement of the administration of the Trust Estate to the United States District Court for the District of New Mexico, the Administrator, the Beneficiary and the United States Department of Justice 's Torts Branch (FTCA Staff). The statement shall be made at least quarterly. Copies of all tax filings, if any, filed on behalf of the Trust Estate shall similarly be furnished.

The Beneficiary and the United States Department of Justice's Torts Branch (FTCA Staff) shall each have ninety days from the date of receipt of each statement to object thereto. The failure of the United States or the Beneficiary to object to an item on a statement or to a particular payment noted in the statement shall be conclusive as to such item or payment but shall not preclude the United States or the Beneficiary from objecting to like items or payments appearing in future statements. Objections shall not be unreasonably made. Unless the party making a timely objection withdraws such objection, the party is entitled to renew the objection at the court's review and approval of the annual statement for the prior calendar year, as provided in Section E, below.

**Section E. Annual Approval by United States District Court**

By February 15, of each calendar year, the Trustee shall render a statement of account for the previous calendar year and deliver a copy of such annual statement of account to the United States District Court for the District of New Mexico, the Administrator, the Beneficiary and the United States Department of Justice's Torts Branch (FTCA Staff).

The Beneficiary, the Administrator, and the United States shall each have thirty days from the date of receipt of said statement to file an objection with the court to payments reflected in the annual statement of account. Thereafter, the Court may set a date for a hearing on the motion.

## Article XIII
## The Powers of the Trustee

The Trustee shall have the following enumerated powers:

To pay allowable medical expenses from the Trust Estate to the extent authorized by Article VII of the Trust.

To employ at its option and with prior consent of the Beneficiary any person or business for the purpose of providing allowable medical services to or for the Beneficiary, provided the Trustee determines that employment by the Trust directly is more economical than paying a third party to arrange for the provision of such services and that it will not detract from the quality of medical services provided to the Beneficiary.

To continue to make distributions of income and/or to accumulate the same hereunder until the Trustee shall have received written notice of any event which would affect such distribution and/or such accumulation of income; and the Trustee shall not be liable to any person having any interest in such continuation until the Trustee shall have received such written notice.

To pay or reserve sufficient funds to pay all expenses related to the management and administration of the Trust, including all assessments, charges, fees, taxes, or other expenses incurred in the administration, enforcement, or protection of the Trust and the Trust Estate not otherwise precluded by state law or any other provision of the Trust. Such expenses shall include the fees of the Trustee and the Administrator to the extent authorized in Article XIV of the Trust. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses relating to the establishment, administration, or termination of a guardianship or conservatorship for the Beneficiary. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses incurred by either the Beneficiary or United States in resolving any disputes, questions, or interpretations arising under the Trust. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses incurred by the Beneficiary in seeking or obtaining benefits from any source of benefits other than the Trust. In the event the Trustee must retain legal counsel to represent the interests of the Trustee, the Administrator, or the Trust Estate in resolving any dispute, question, or interpretation arising under the Trust or to represent the Trustee, the Administrator, or the Trust Estate in the administration or protection of the Trust and the Trust Estate or for the purpose of enforcing the terms of the Trust, the Trustee is prohibited from retaining any attorney or law firm who represents or has represented the Beneficiary or any relative of the Beneficiary or any guardian or conservator of the Beneficiary unless the Trustee can demonstrate to the District Court and the United States Department of Justice's Torts Branch (FTCA Staff) by clear and convincing evidence that there is no actual conflict of interest, no apparent conflict of interest, and no appearance of a conflict of interest between said attorney or law firm and the interests of the United States as the remainder interest in this Trust. The Trustee must take into account that this Trust was established by the United States District Court for the District of New Mexico pursuant to the Final Judgment in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.), and as such the terms of the Judgment and this Trust are final and binding on the parties to that action, including the Beneficiary of this Trust,

the United States as sole and exclusive remainder interest, and the District Court.

To retain any property held in the Trust Estate for as long as the Trustee shall deem it advisable, provided the Trustee takes into account the purpose of the Trust.

To invest and reinvest in, and to acquire by purchase, exchange, or otherwise, intangible property such as stocks, bonds, securities, mutual funds, certificates of deposits, bank savings or checking accounts, foreign or domestic, or interests of participation therein (including common Trust Estate funds and mutual funds associated with the Trustee), without regard to the proportion any such property may bear to the entire amount held without any obligation to diversify, to the extent consistent with the purpose of the Trust and prudent investment rules. In the event the Trust Estate is less than One Hundred Thousand Dollars ($100,000.00) for three consecutive years and there is no reasonable basis to expect that the Trust Estate shall subsequently exceed One Hundred Thousand Dollars ($100,000.00), the Trustee may limit Trust investments to certificates of deposit and bank savings and checking accounts in an FDIC insured financial institution. The Trustee may receive compensation from internal funds. Investments in such internal funds may be charged fees and expenses at the rate and according to the formula set forth in the prospectus applicable to the investment. The Trustee may also use the services of affiliated brokerage services as it deems appropriate in its sole discretion in connection with the purchase or sale of account assets. Any such transactions will be deemed appropriate, even where the Trustee has an underwriter's interest or charges fees or commissions which include a profit, so long as all such transactions are on terms and under circumstances comparable to those generally available through non-affiliated brokers. The Trustee shall attempt to invest all principal sums in excess of One Thousand Dollars ($1,000.00).

To sell (at public or private sale, without application to any court) any property in the Trust Estate in such manner and on such terms and conditions as it may deem best to the extent consistent with the purpose of the Trust and prudent investment rules.

To vote personally or by proxy any shares of stock or other voting securities at any time held hereunder, and to consent to and participate in any reorganization, consolidation, merger, liquidation, or other change in any corporation whose stocks or securities may at the time be held hereunder.

To commingle the assets of the Trust Estate with the assets of other trusts not owned by or property of the Beneficiary in order to maximize the investment income of the Trust Estate.

Except to the extent prohibited by law, to cause any securities to be registered in the names of its nominees, or to hold any securities in such condition that they will pass by delivery, including the use of custodians and other depositories.

To liquidate, compromise, adjust, and settle any and all claims and demands, including taxes, in favor of or against the Trust Estate, for such amounts, upon such terms, in such manner, and at such time as the Trustee shall reasonably deem advisable upon the consent of the United States District Court for the District of New Mexico.

To allocate to principal all stock dividends and cash in lieu of fractional shares paid as a result of a stock dividend received on stock.

Except as otherwise specifically provided herein, the determination of all matters with respect to ascertaining what is principal and income of the Trust Estate and the apportionment or allocation of receipts and expenses between these accounts shall be governed, at the election of the Trustee, by the provisions of either the Uniform Principal and Income Act from time to time existing or the Principal and Income Act of the state in which the Trustee resides. Any such matter not provided for herein, or not provided for in the Principal and Income Act elected by the Trustee, shall be determined by the Trustee in the Trustee's sole discretion.

To petition the United States District Court for the District of New Mexico to (a) resolve any dispute or question arising under the Trust in the event the parties to the dispute or question have attempted to resolve the matter informally as required by the Trust and failed, (b) protect the interests of the Trust Estate, and (c) to seek authority to take reasonable legal action as may be necessary to enforce the terms of the Trust, to seek reimbursement to the Trust Estate for an overpayment, or to collect payments from other sources of payment.

### Article XIV
### Compensation of the Trustee and the Administrator

The Trustee and the Administrator shall receive as compensation for their services such commissions and fees as are payable in accordance with their schedule of fees in effect from time to time during the period in which its services are rendered. However, neither the Trustee's nor the Administrator 's compensation may not be changed without prior approval of the United States District Court for the District of New Mexico, after due notice of any such request for Court approval has been served on the Beneficiary and the United States Department of Justice's Torts Branch (FTCA Staff).

### Article XV
### Bond Excused

The Trustee and the Administrator, and their successors, shall not be required to give bond or any other undertaking for the faithful performance of its duties hereunder, any law to the contrary notwithstanding.

### Article XVI
### Spendthrift Provision

No title or interest in the money or other property constituting the Trust Estate, or in any income accruing therefrom or thereon, shall vest in the Beneficiary during the continuance of the Trust Estate. The Beneficiary shall have no right, power, or authority to anticipate any income of the Trust Estate, payments into the Trust Estate, or any payments from the Trust Estate; or to alienate, convey, transfer, or dispose of the same or any interest therein or any part thereof in advance of payment. None of the principal or income of the Trust Estate, payments into the Trust Estate, nor any payments from the Trust Estate shall be involuntarily alienated by the

Beneficiary or be subject to attachment, execution, or levy, or taken upon any process for any debts that the Beneficiary may have contracted, or in satisfaction of any demands or obligations that the Beneficiary may have incurred.

## Article XVII
### Notification Requirements

The following are deemed to be interested parties to the Trust. All notices, statements, statements of account, objections, filings, service of legal papers, and mailings required or permitted by the provisions of the Trust shall be in writing and shall be sent, on a timely basis, to the interested parties at the following addresses or, upon written notice, any subsequent change of address:

BENEFICIARY:
N.E.D.

TRUSTEE:
The Irrevocable Reversionary Inter Vivos Medical Care Trust FBO N.E.D.
c/o Camilla Serrano, CTFA, Senior Vice President
New Mexico Bank and Trust


ADMINISTRATOR:
Integrion Group, Inc.
P.O. Box 27815
Albuquerque, NM 87125

UNITED STATES OF AMERICA:
Director, Torts Branch (FTCA Staff) Civil Division
United States Department of Justice
P.O. Box 888
Benjamin Franklin Station Washington, D.C. 20044
(202) 616-4400
(202) 616-5200 (fax)


The interested parties shall each be responsible for providing each other with timely written notice of any change in address or phone number. The Beneficiary shall give timely written notice of a guardianship or conservatorship or change thereof. Any notification shall be deemed given when posted by regular United States Mail addressed to the last known address. Service of any legal papers shall comply with the rules of the court in which the action or proceeding is filed and shall be made upon all interested parties at the addresses provided above or any subsequent change of address that has been provided, unless a party is represented by counsel, in which case service shall be upon counsel.

_____

Irrevocable Reversionary Intervivos Medical Care Trust for the Benefit of N.E.D.
*Murphy, et al. v. the United States of America,* No. 1:17-cv-384-JAP-JHR (D.N.M.)

**Article XVIII**
**Disputes**

**Section A. Informal Dispute Resolution Requirement**

If a dispute or question of interpretation arises over the terms or administration (including investments) of the Trust, the Trustee, the Administrator, the Beneficiary, and the United States shall first try to resolve such dispute or question informally among themselves before litigating the matter. If the dispute or question of interpretation cannot be resolved informally, the Trustee, the Administrator, the Beneficiary, or the United States may have said dispute or question resolved by only the United States District Court for the District of New Mexico.

**Section B. Applicable Law**

The Trust was established pursuant to final and binding Final Judgment against the United States of America in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M), and shall therefore be construed according to federal law. To the extent not contrary to the terms and conditions of the Trust, the duties of the Administrator shall be construed according to the laws of the state in which the Administrator is domiciled and the duties and powers of the Trustee shall be construed according to the laws of the state in which the Trustee is domiciled.

**Section C. Court of Competent Jurisdiction**

The United States District Court for the District of New Mexico shall have exclusive jurisdiction over any disputes or questions of interpretation arising under the terms and conditions of the Trust. However, pursuant to the Order establishing the Trust, the terms and conditions of the Trust shall not be amended, changed, or modified in any way and shall not be subject to any interpretation by the Court that is contrary to, or in conflict with, the Final Judgment or Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 267) in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M).

**Section D. Court Costs, Expenses, and Fees**

The Trust shall not pay any fees (including attorney's fees or guardian/conservator fees), expenses, or costs incurred by the Beneficiary or the United States in resolving any dispute arising under the terms and conditions of the Trust. However, nothing in this Section D precludes the District Court from ordering costs, expenses, and fees to be paid by a party to a dispute to the extent otherwise authorized by law. The fact that the United States has a remainder interest in this Trust is not, and shall not be construed to be, a waiver of any legal limitations applicable to awards of costs, fees, or expenses against the United States, recognizing that any dispute or question of interpretation is arising out of a tort claim against the United States that resulted in a final, binding Judgment against the United States.

## Article XIX
## Revocation or Amendment

The Trust is irrevocable and, pursuant to the Order establishing the Trust, the terms and conditions of the Trust shall not be amended, changed, or modified in any way and shall not be subject to any interpretation by the Court that is contrary to, or in conflict with, the Final Judgment or Findings of Fact and Conclusions of Law dated July 27, 2020 (Dkt. No. 267) in *Murphy, et al. v. the United States of America*, No. 1:17-cv-384-JAP-JHR (D.N.M.).

## Article XX
## Termination of The Trust

### Section A. Terminating Event

For purposes of the Trust, the "terminating event" shall be defined as the death of the Beneficiary or when the Trust Estate becomes Zero Dollars ($0.00) and there are no income or annuity payments due in the future, whichever occurs first. Upon the occurrence of either terminating event, the Trust shall be deemed terminated and the Trustee shall file a motion with the United States District Court for the District of New Mexico for authority to terminate the Trust and close the files.

### Section B. Payments Authorized After Terminating Event

Upon the death of the Beneficiary, the Trustee shall pay any medical expenses authorized by the Administrator under Article VII of the Trust to the extent there are sufficient funds in the Trust Estate, provided that the medical goods or services for which payment is requested were incurred on or before the date of the Beneficiary's death and provided further that the request for payment was properly submitted to the Administrator for review within ninety days of the date of the death of the Beneficiary. The Administrator shall not authorize and the Trustee shall not pay any medical expense that was not properly submitted to the Administrator within ninety days of the date of the death of the Beneficiary. In the event any medical expense has been authorized to be paid on a monthly basis, the Trustee shall pay only the pro rata share for the month of the Beneficiary's death. The Trustee shall also pay any expenses of management and administration, including the fees of the Trustee and Administrator. In the event there are insufficient funds to pay both the expenses of management and administration and allowable medical expenses, the Trustee shall first pay the expenses of management and administration. The Trustee shall make no payments other than those authorized in this Section B and in Section C below. The Administrator shall not authorize and the Trustee shall not pay for burial or funeral expenses.

### Section C. Distribution of the Trust Estate

After the Trustee has made the payments authorized above in Section B of this Article XX, the Trustee shall expeditiously move for an Order of the District Court for the District of New Mexico authorizing the Trustee to liquidate and distribute the remaining Trust Estate, including any current and accumulated interest and income, to the United States by check made

payable to the United States Treasury and delivered to the United States at the address on record with the Trustee, along with a final statement of account. Upon such Order, the Trustee shall immediately, upon receipt of such Order, liquidate and distribute the remaining Trust Estate, including any current and accumulated income, to the United States as provided above and close the Trust account.

**Article XXI**
**Signatures**

By signing the Trust, the Trustee and the Administrator are accepting their respective appointments by the United States District Court for the District of New Mexico.

Executed this ___ day of _____, 2021.

By: _____

TRUSTEE:
The Irrevocable Reversionary Inter Vivos Medical Care Trust FBO N.E.D.
c/o Camilla Serrano, CTFA, Senior Vice President
New Mexico Bank and Trust

Executed this ___ day of _____, 2021.

By: _____

ADMINISTRATOR:
Integrion Group, Inc.
P.O. Box 27815
Albuquerque, NM 87125

Executed this ___ day of _____, 2021.

By: _____

GUARDIAN AD LITEM for N.E.D
Dennis Murphy, Esq.

_____
Irrevocable Reversionary Intervivos Medical Care Trust for the Benefit of N.E.D.
*Murphy, et al. v. the United States of America,* No. 1:17-cv-384-JAP-JHR (D.N.M.)

APPROVED AS TO FORM:


/s/
Theodore W. Barudin
BARUDIN LAW FIRM, P.C.
7900 Menaul NE
Albuquerque, NM 87110
(505) 332-1800
tbarudin@barudinlaw.com


/s/
William H. Carpenter
WILLIAM H. CARPENTER LAW OFFICE
Post Office Box 35070
Albuquerque, NM 87176-5070 (505) 243-1336
bill@carpenter-law.com


/s/
Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012 (x202)
rik@kaplanlegal.com

*Attorneys for Plaintiffs*

-and-

FRED J. FEDERICI
Acting United States Attorney

/s/
ERIN E. LANGENWALTER
RUTH F. KEEGAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1471
Erin.langenwalter@usdoj.gov
Ruth.Keegan@usdoj.gov

*For Defendant United States*

_____

Irrevocable Reversionary Intervivos Medical Care Trust for the Benefit of N.E.D.
*Murphy, et al. v. the United States of America,* No. 1:17-cv-384-JAP-JHR (D.N.M.)